476 So.2d 305 (1985)
Winston LLOYD, Appellant,
v.
Thomas J. FARKASH, Appellee.
No. BE-447.
District Court of Appeal of Florida, First District.
October 9, 1985.
*306 Winston Lloyd, pro se.
Jack J. Fine of Fine, Farkash & Parlapiano, Gainesville, for appellee.
BARFIELD, Judge.
The issue presented by this appeal is whether Fla. Stat. § 944.292 (1983) unconstitutionally infringes upon a convicted felon's right of access to the courts. We find that it does.
Lloyd, a convicted felon and an inmate at Union Correctional Institution, brought a civil action alleging malpractice against Farkash, his former defense counsel. The trial court dismissed the complaint on authority of Watts v. Buck, 454 So.2d 1079 (Fla. 2d DCA 1984). The facts in Watts are virtually identical to those in the instant case and the district court found there that the plaintiff's right to maintain the action was barred by Fla. Stat. § 944.292 (1983):
Upon conviction of a felony as defined in s. 10, Art. X of the State Constitution, the civil rights of the person convicted shall be suspended in Florida until such rights are restored by a full pardon, conditional pardon, or restoration of civil rights granted pursuant to s. 8, Art. IV of the State Constitution.
While we have no quarrel with the Second District's literal reading of the statute, we find that the result runs afoul of constitutional provisions guaranteeing access to the courts.[1]
Statutes such as the one at issue are generally known as those imposing "civil death." Annot., 74 A.L.R.3d 680, 685 (1976). They have been criticized as "archaic remnant[s] of an era which viewed inmates as being stripped of their constitutional rights at the prison gate." Thompson v. Bond, 421 F. Supp. 878, 882 (W.D. Mo. 1976) (three-judge court).
The United States Supreme Court has found that the Equal Protection and Due Process clauses of the constitution create a right of access to the courts for persons incarcerated. That right has been found implicated with regard to the right to file habeas corpus petitions and civil rights actions relating to the plaintiff's incarceration. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); In re Hull, 312 U.S. 546 (1941). The Court has never ruled on the question of whether the federal constitutional right of access to the courts includes the right to prosecute civil actions unrelated to the individual's conviction or imprisonment.
Other jurisdictions have reached the question, however, and found the "civil death" statutes of other states unconstitutional in denying access to the courts. See Thompson (Missouri civil death statute unconstitutional, using First Amendment and due process analysis); see also Holman v. Hilton, 712 F.2d 854 (3d Cir.1983) (statute prohibiting suits by prisoners against state officials held unconstitutional); Delorme v. Pierce Freightlines Co., 353 F. Supp. 258 (D.Ore. 1973) (three-judge court) (statute unconstitutionally barred access to workers' compensation hearing); Bilello v. A.J. Eckert Co., 42 A.D.2d 243, 346 N.Y.S.2d 2 (1973) (same); see generally Annot., 74 A.L.R.3d 680 (1976). Only Oregon has reached a contrary result. Boatwright v. *307 State Industrial Accident Commission, 244 Ore. 140, 416 P.2d 328 (1966).
Our investigation of the history of Fla. Stat. § 944.292 does not convince us that our interpretation is at odds with legislative intent. As originally enacted in 1974, the statute read:
Effective July 1, 1974, upon conviction for a felony, the civil rights of the person convicted shall be suspended until he is discharged from parole or released from the custody of the department without parole, at which time such civil rights are automatically reinstated. The only civil rights which shall be suspended by conviction are the right to vote, hold public office, and serve on a jury.
§ 944.292 (1975). In 1975, the Florida Supreme Court found that the automatic reinstatement provision of the statute unconstitutionally infringed on the Governor's exclusive powers of clemency and pardons as set forth in Fla. Const. Art. IV, § 8(a). In re Advisory Opinion of the Governor, Civil Rights, 306 So.2d 520 (Fla. 1975).
The 1976 legislature undertook to correct this constitutional infirmity. Senate Bill 569 was introduced to change the conditions for restoration of rights. Additionally, however, it also deleted the language which had, in the original version, limited the civil rights impacted to those of voting, holding public office, and serving on a jury. This court has reviewed a record of the legislative debates on the bill and no adequate explanation for the deletion is apparent. Statements by the bill's advocates make clear, however, that the Senate understood that it could not constitutionally deprive convicted felons of all civil rights and that, in all probability, only those rights enumerated in the earlier version would be suspended.[2]
We do not overlook the proposition that some legitimate purposes may be served by denying inmates access to the courts, such as restricting the filing of frivolous lawsuits and preventing the disruption and administrative inconvenience necessitated by court appearances by inmates. The State of Florida, of course, is not a party to this appeal to set forth and argue these considerations. Nevertheless, we find that they have been ably argued in other courts and rejected as insufficient to override the constitutional right of access to courts. See Holman, 712 F.2d at 859-60; Thompson, 421 F. Supp. at 884-85; Delorme, 353 F. Supp. at 259-60. We agree with the conclusions reached in those opinions.
The correctness of our holding is reinforced by another consideration  the express guarantee of the right of access to the courts set forth in Article I, § 21 of Florida's Constitution. The cases upon which we rely all found an implied right of access to the courts, derived from the First Amendment and/or the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Where, as here, the right is one made express by the constitution, the courts have an even greater duty to protect the right than where the right is one found by implication. In the leading case construing Art. I, § 21, the Florida Supreme Court said:
We hold, therefore, that where a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where *308 such right has become a part of the common law of the State pursuant to Fla. Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
Kluger v. White, 281 So.2d 1, 4 (Fla. 1973). Since no alternative was provided to convicted felons and we do not believe that an overpowering public necessity for the suspension can be shown, we find that Fla. Stat. § 944.292 (1983), insofar as it purports to deprive convicted felons of their right to bring civil actions in state courts, violates Florida's Constitution.[3] In so holding, we emphasize that we are not concerned with enumerating the other civil rights that may or may not be suspended by the statute nor the constitutionality of any such suspensions. Accordingly, as we find that the statute was unconstitutionally applied in dismissing Lloyd's complaint, the judgment of the trial court is REVERSED.
ERVIN and JOANOS, JJ., concur.
NOTES
[1] This issue was apparently not before the court in Watts.
[2] Tapes of legislative debate on Senate Bill 569 are available at the Office of the Secretary of the Senate, Room 404 of The Capitol, Tallahassee, Florida. An amendment was proposed to restore the limiting language of the 1974 version but it was inexplicably defeated, despite statements by Senator Dunn and other debaters that they knew not all civil rights could be suspended without running afoul of constitutional principles. The issue of access to courts did not surface in the debate. Senator Dunn co-sponsored an amendment to the bill and was vice-chairman of the Judiciary-Criminal Committee of the Senate, which recommended passage of Senate Bill 569.

While traditionally legislative debate is not given much weight in construing statutes, under a more modern view courts have looked to statements by legislators, particularly the bill's sponsor and the committeeman in charge of the bill, to find the intended meaning of ambiguous statutory provisions. Sutherland, Statutes and Statutory Construction, §§ 48.13-.15 (4th ed. 1984).
[3] Although not a basis for our opinion, we note that Florida "civil death" statute is a more severe deprivation of the right of access to courts than those invalidated by other courts in two respects. First, there is no provision to toll the applicable statutes of limitation while the right is suspended. Fla. Stat. § 95.051 (1983). Second, civil rights are not automatically restored upon completion of sentence.