502 So.2d 88 (1987)
James H. BROWN, Petitioner,
v.
SHERIFF OF BROWARD COUNTY JAIL, and Morton Salt Company, Respondents.
No. 4-86-2679.
District Court of Appeal of Florida, Fourth District.
February 11, 1987.
James H. Brown, pro se.
Lowell L. Garrett of Morgan, Lewis & Bockius, Miami, for respondent, Morton Salt Company.
Philip S. Shailer of Shailer, Purdy & Jolly, Fort Lauderdale, for respondent, Sheriff of Broward County Jail.
PER CURIAM.
We treat the pro se petition for an extraordinary writ as a petition for a writ of habeas corpus. See Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).
Petitioner, the plaintiff in a civil lawsuit, is incarcerated in the custody of the State Department of Corrections. The trial court has entered an order barring all future attendance by petitioner at hearings, and providing that all future pretrial motions in the case will be decided by memo, and without oral argument.
We do not question that the court has discretion to enter such an order. *89 However, we conclude that the exercise of that discretion is not supported by the record. Price v. Johnston; Stone v. Morris, 546 F.2d 730 (7th Cir.1976). The following factors, among others, should be balanced by the trial court before making its determination:
[C]osts and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.
Stone at 735-36.
Respondents argue that Anderson v. State, 267 So.2d 8 (Fla. 1972), supports the trial court's decision. However, in Anderson, before the trial court determined that the attendance of petitioner was not required, it made findings based on a record which supported that decision. Here, as far as the record reflects, petitioner was barred simply because he was in state custody.
Included among potential factors to be considered are: the risk and danger of escape; the need for expedited disposition of the case; costs to the state and defense; inconvenience to the state, defense, and court; security precautions; the availability of transportation without court order; the nature of the hearing; the recommendations, policies, and standard procedures of the Department of Corrections; whether oral argument is generally accorded others without motion; the impact of court-ordered transportation and lodging on the state and sheriff; and any other relevant factors.
Therefore we grant the petition, and reverse and remand to the trial court for further proceedings.
DOWNEY, DELL and STONE, JJ., concur.