567 So.2d 992 (1990)
Richard LEONE, Appellant,
v.
FLORIDA POWER CORPORATION and GAB Business Services, Inc., Appellees.
No. 89-01275.
District Court of Appeal of Florida, First District.
October 8, 1990.
*993 Richard Leone, appellant, pro se.
Andrew J. Salzman of Hampp & Schneikart, P.A., St. Petersburg, for appellees.
BOOTH, Judge.
This cause is before us on appeal from an order dismissing a workers' compensation claim for failure to prosecute. Appellant asserts that he was denied his due process right to be heard on the motion to dismiss his workers' compensation claim for failure to prosecute due to his imprisonment.
Appellant sustained a compensable back injury on March 3, 1981, and the employer and carrier (E/C) paid him benefits. In August 1985, appellant was arrested and charged with sexual battery. He wrote a letter on November 20, 1985, to the judge of compensation claims alleging that the E/C improperly canceled his monthly workers' compensation benefits from August through November 1985. The judge treated the letter as a claim for benefits. In March 1986, claimant was convicted and sentenced to two life terms for sexual battery.
The E/C filed a motion to dismiss appellant's pending workers' compensation claims for failure to prosecute, on February 12, 1987,[1] and again on January 11, 1988. In response to the second motion to dismiss, appellant sent the judge several letters contending that he was still entitled to workers' compensation benefits and indicating that he would like to attend the hearing, but could not unless the hearing was held at prison facilities or a summons was issued. The judge set the hearing for April 21, 1989, in his chambers.
In his order, the judge noted that at the time of the hearing, appellant was not present, and the E/C moved to dismiss based on appellant's incarceration for two life sentences.[2] The judge dismissed appellant's claim "without prejudice for failure to prosecute and for failure to attend pretrial proceedings." The order made no mention of appellant's inability to attend the hearing or pretrial proceedings due to his incarceration nor did it mention any other opportunity given to appellant to show cause why his claims should remain pending.
Florida Workers' Compensation Rule of Procedure 4.110(b) provides:
Any claim ... in which it affirmatively appears that no action has been taken ... for a period of one year, is subject to dismissal for lack of prosecution. Upon motion to dismiss ... the file shall be forwarded to the appropriate [judge of compensation claims] who shall, after service of notice to the parties by regular mail ... and opportunity for hearing, dismiss the claim or petition, unless a party shows good cause why the claim or *994 petition should remain pending. [emphasis added]
Section 944.292(2), Florida Statutes, as amended in 1988, provides that the suspension of a prisoner's civil rights "shall not be construed to deny a convicted felon access to the courts, as guaranteed by s. 21, Art. I of the State Constitution until restoration of his civil rights." Even prior to the 1988 amendment, this court in Lloyd v. Farkash, 476 So.2d 305 (Fla. 1st DCA 1985), reversed a trial court's order dismissing a convicted felon's complaint in a malpractice action against his former defense counsel and held that the statute suspending the civil rights of a convicted felon could not be applied to deny access to the court. The Lloyd case holds (476 So.2d at 308):
Since no alternative was provided to convicted felons [for redress of injuries] and we do not believe that an overpowering public necessity for the suspension [of access to court] can be shown, we find that Fla. Stat. § 944.292 (1983), insofar as it purports to deprive convicted felons of their right to bring civil actions in state courts, violates Florida's Constitution.
In In re Forfeiture of the Following Described Property: $2,311.45 U.S. Currency, Brown v. State, 559 So.2d 717 (Fla. 1st DCA 1990), this court held that default was improperly entered against a defendant who failed to appear in person or through counsel at a trial of civil forfeiture proceeding where the defendant was in prison and could not appear through counsel because he was indigent.
In Brown v. Sheriff of Broward County Jail, 502 So.2d 88 (Fla. 4th DCA 1987), the district court reversed the trial court's order barring all future attendance at hearings by the prisoner who had filed a civil lawsuit. The Brown case held that, while the trial court had discretion to enter such an order, the exercise of that discretion was not supported by the record and that the prisoner/plaintiff was "as far as the record reflects ... barred simply because he was in state custody." 502 So.2d at 89. The court sets out the factors to be considered by the trial court as follows (502 So.2d at 89):
Included among potential factors to be considered are: the risk and danger of escape; the need for expedited disposition of the case; costs to the state and defense, and court; security precautions; the availability of transportation without court order; the nature of the hearing; the recommendations, policies, and standard procedures of the Department of Corrections; whether oral argument is generally accorded others without motion; the impact of court-ordered transportation and lodging on the state and sheriff; and any other relevant factors.[[3]]
In Klaver v. Mander, 468 So.2d 261 (Fla. 2d DCA 1985), the court held that plaintiff's due process rights were not violated, despite the prisoner's inability to be present at hearing, where the court recognized the prisoner's situation, wrote him specifically to give him the opportunity to file a brief in opposition and to suggest he find counsel, and gave him the opportunity for written response following the hearing.
In the instant case, there was no transcript[4] of the hearing on the motion or evidence in the record supporting the judge's decision. We are therefore unable to determine if the judge considered appellant's inability to be present. On remand, the judge must specifically address the issue of the prisoner's inability to appear and make findings on the record in support of his decision.
*995 Accordingly, we must reverse the judge's order and remand the cause for further proceedings consistent herewith.
SHIVERS, C.J., and WOLF, J., concur.
NOTES
[1] The judge postponed ruling on the motion until such time as appellant could be located and a hearing could be scheduled.
[2] The E/C's argument that appellant was not eligible for workers' compensation benefits goes to the merits of the case and therefore does not need to be discussed or addressed.
[3] See Stone v. Morris, 546 F.2d 730, 735-736 (7th Cir.1976), listing the following considerations:

[C]osts and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger of security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.
[4] Appellant was adjudicated insolvent for purposes of preparing the record. However, he indicated that he has requested the transcript of the hearing several times but to no avail.