590 So.2d 513 (1991)
James Carlton CONNER, Appellant,
v.
Brenda Darlene CONNER, Appellee.
No. 90-3078.
District Court of Appeal of Florida, First District.
December 4, 1991.
James Carlton Conner, in pro. per.
Robert Moeller, Cross City, for appellee.
ERVIN, Judge.
The former husband, appellant James Conner, appeals a final judgment of dissolution, contending that the trial court erred in entering the judgment without either providing him with transportation to the hearing from his place of incarceration, or granting him a six-week continuance until a law library was established in the prison where he was housed. We reverse and remand for further consistent proceedings.
On August 8, 1990, the former husband filed motions to be afforded transportation to the final hearing and to extend the time of the final hearing to November 7, 1990. In the final judgment entered on September 12, 1990, the trial court stated that the husband's "failure or inability to appear at the final hearing in this cause because of his incarceration in the Florida State Prison System is no bar to proceeding to final hearing in this case." We cannot agree. The court's blanket statement does not conform to existing case law on the subject. Although a trial judge may determine not to have an inmate transported for attendance at a civil proceeding, his discretion to so act may not be exercised unless he has considered such factors as
the risk and danger of escape; the need for expedited disposition of the case; costs to the state and defense; inconvenience to the state, defense, and court; security precautions; the availability of transportation without court order; the nature of the hearing; the recommendations, policies, and standard procedures of the Department of Corrections; *514 whether oral argument is generally accorded others without motion; the impact of court-ordered transportation and lodging on the state and sheriff; and any other relevant factors.
Brown v. Sheriff of Broward County Jail, 502 So.2d 88, 89 (Fla. 4th DCA 1987).
Moreover, as alternatives to ordering an inmate's physical presence at a proceeding, the trial court may properly consider conducting the hearing by telephone, or permitting the taking of the inmate's deposition pursuant to the various methods afforded by the Florida Rules of Civil Procedure. See Gosby v. Third Judicial Circuit, 586 So.2d 1056 (Fla. 1991).
Because there is no transcript of the proceeding below, this court cannot determine whether the trial court considered the factors listed in Brown or any of the alternatives to the inmate's actual attendance, as recommended in Gosby. Therefore, the judgment is reversed and the cause remanded with directions to the trial court to consider such factors, or any of the authorized alternatives to his physical presence.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ZEHMER and BARFIELD, JJ., concur.