616 So.2d 1179 (1993)
William C. LITTLE, Appellant,
v.
Beverly D. LITTLE, Appellee.
No. 91-03273.
District Court of Appeal of Florida, First District.
April 20, 1993.
William C. Little, pro se.
No appearance by appellee.
PER CURIAM.
This cause is before us on appeal from a final judgment of dissolution. Appellant contends that: (1) the trial court erred in dissolving the marriage when there was a pending motion in the Baker County Circuit Court; and (2) the trial court erred in failing to rule on his motion to appear at the final hearing.
On January 24, 1991, Beverly Little filed a petition for dissolution of marriage (Nassau County petition), alleging that the marriage was irretrievably broken. The wife asserted that the parties did not accumulate any marital assets or debts.
On February 22, 1991, William Little, a prisoner, filed an answer to the petition, asserting that the wife's petition was void because he had previously filed a petition for dissolution in the Baker County Circuit Court (Baker County petition). Additionally, the husband asserted that the parties had incurred marital debts. The husband attached a copy of the Baker County petition *1180 to the answer. Although the Baker County petition is notarized, there is no stamp indicating that it has been filed in the Baker County Circuit Court.
On April 29, 1991, the wife filed a motion to strike all statements in the husband's answer dealing with the alleged Baker County petition. The wife asserted that "no action involving the parties or their marriage has been filed in Baker County, nor is an action between the parties pending in Baker County at this time."
On May 7, 1991, the husband filed a petition for writ of habeas corpus ad testificandum, requesting that he be present at the nonjury trial on the petition for dissolution. On May 13, 1991, the trial court summarily denied the husband's petition for writ of habeas corpus ad testificandum. On May 28, 1991, the Nassau County Circuit Court dissolved the parties' marriage.
In Haag v. State, 591 So.2d 614 (Fla. 1992), the Florida Supreme Court adopted the "mailbox rule" for pro se petitioners who are incarcerated. Under the mailbox rule, a petition filed by a pro se inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the State. However, the mailbox rule cannot, without notice, invoke the jurisdiction of one court while divesting another court of jurisdiction. Therefore, the Nassau County Circuit Court correctly exercised jurisdiction.
However, the Nassau County Circuit Court erred in summarily denying appellant's motion to appear at the final hearing. In Conner v. Conner, 590 So.2d 513 (Fla. 1st DCA 1991), this court held that a trial judge may determine not to have an inmate transported for attendance at a civil proceeding only after considering the following factors: (1) the risk and danger of escape; (2) the need for expedited disposition of the case; (3) costs to the State and defense; (4) inconvenience to the State, defense, and court; (5) security precautions; (6) the availability of transportation without court order; (7) the nature of the hearing; (8) the recommendations, policies, and standard procedures of the Department of Corrections; (9) whether oral argument is generally accorded others without motion; (10) the impact of court-ordered transportation and lodging on the State and sheriff; and (11) any other relevant factors.
Because there is no transcript of the proceeding below, this court cannot determine whether the trial court considered the factors listed above or alternatives to appellant's physical presence as discussed in Gosby v. Third Judicial Circuit, 586 So.2d 1056 (Fla. 1991). Therefore, the judgment must be reversed and the cause remanded with directions to the trial court to consider such factors or any of the authorized alternatives to appellant's physical presence.
Accordingly, the judgment is reversed and remanded for proceedings consistent herewith.
BOOTH, SMITH and MINER, JJ., concur.