FULMER, Judge.
Raymond Troyer appeals an order requiring him to pay monthly child support. We reverse because the trial court’s order is legally insufficient on its face.
The legal guardian of Troyer’s daughter filed a petition asking that Troyer, a prisoner, be ordered to pay child support. The record on appeal does not contain a transcript of the hearing but does indicate that Troyer was not present, despite his motion requesting that he be transported to the hearing, nor was he represented by counsel at the hearing.
The trial court entered an order which states that Troyer has a legal obligation to support the child and that $850 per month is a reasonable amount of money to support the minor child. The order further provided that Troyer “to the extent that he has the financial capabilities shall pay support for the minor child ... in the amount of $850 per month.” The record contains no evidence showing Troyer’s ability to pay any amount of child support.
The trial court’s order is legally insufficient on its face. While it does identify the amount of support that the trial court determined was necessary to meet the child’s needs, it does not identify the specific amount of support that Troyer is ordered to pay and it contains no finding that Troyer is able to pay any amount of support. Child support orders must set forth with specificity the obligation imposed and contain “a finding of the obligor’s imputed or actual present ability to comply with the order.” § 61.14(5)(a), Fla.Stat. (1995). This order does neither.
We reverse and remand for a determination of Troyer’s financial capabilities and en *1103 try of an order consistent with those capabilities. On remand, if the defendant again requests to be heard, the trial court shall consider whether the defendant should be transported to the hearing or whether the court should employ any of the “authorized alternatives to appellant’s physical presence.” Little v. Little, 616 So.2d 1179 (Fla. 1st DCA 1993); See also Gosby v. Third Judicial Circuit, 586 So.2d 1056 (Fla.1991); Brown v. Sheriff of Broward County Jail, 502 So.2d 88 (Fla. 4th DCA 1987).
Reversed and remanded.
RYDER, AC.J., and BLUE, J., concur.