679 So.2d 1 (1996)
Thomas Vincent WAUGH, Appellant,
v.
Caren WAUGH, Appellee.
No. 95-00767.
District Court of Appeal of Florida, Second District.
April 12, 1996.
*2 Thomas Vincent Waugh, pro se.
Raleigh W. Greene III, St. Petersburg, for Appellee.
PER CURIAM.
The husband appeals a final judgment in a dissolution of marriage action. We reverse because the husband, who was incarcerated at the time of the final hearing, was denied due process and because the judgment provisions regarding visitation and child support are legally insufficient.
The husband contends that the trial court erred in denying his motions to transport and to testify at the final hearing. Although no orders on the motions appear in the record, the final judgment makes it clear that the husband was not heard at the final hearing, either in person or by telephone.
Before the trial court decides not to have an inmate transported for attendance at a civil proceeding, it must first consider factors such as risk of escape, need for expedited disposition, costs, inconvenience, security precautions, the nature of the hearing, impact of court ordered transportation on the state and the correctional agencies involved and any other relevant factors. Little v. Little, 616 So.2d 1179 (Fla. 1st DCA 1993). See also Brown v. Sheriff of Broward County Jail, 502 So.2d 88 (Fla. 4th DCA 1987). "Moreover, as alternatives to ordering an inmate's physical presence at a proceeding, the trial court may properly consider conducting the hearing by telephone, or permitting the taking of the inmate's deposition...." Conner v. Conner, 590 So.2d 513 (Fla. 1st DCA 1991).
The record before us does not indicate that the trial court gave any consideration to the factors which should be considered in deciding whether to order an inmate transported to a civil hearing or whether the trial court considered any alternatives to ensure that the husband's due process rights were protected. On remand, the trial court must consider these factors and either order the husband transported to the final hearing or utilize any authorized alternatives to his physical presence.
The husband also contends that the final judgment's provision regarding visitation *3 is ambiguous and improper. We agree. The judgment provides: "Visitation for the Husband, when and if appropriate, shall be supervised by the Wife and shall only take place subsequent to the Husband's completing the Children and Divorce course and regularly paying the Court ordered child support." There are no additional provisions in the judgment that clarify the phrase "when and if appropriate." Upon remand the trial court should enter a more specific order that either grants specified visitation rights or denies visitation rights after considering the best interests of the minor child.
Also, the final judgment improperly conditions the husband's visitation rights upon his payment of child support. Section 61.13(4)(a), Florida Statutes (1993), provides: "When a noncustodial parent who is ordered to pay child support or alimony and who is awarded visitation rights fails to pay child support or alimony, the custodial parent shall not refuse to honor the noncustodial parent's visitation rights." See also Department of Health & Rehabilitative Services v. Smith, 605 So.2d 1335 (Fla. 5th DCA 1992); Frazier v. Frazier, 395 So.2d 590 (Fla. 2d DCA 1981) (conditioning visitation upon payment of support is improper). Upon remand, visitation rights, if awarded, may not be conditioned upon the payment of child support.
With respect to the child support provision of the judgment, we find two errors. First, the trial court imputed $300 per week income to the husband and ordered him to pay $287.06 per month in child support. The amount of imputed income was based on testimony by the wife regarding the husband's last employment prior to his incarceration. "A court may impute income to a party who has no income or is earning less than is available to him based upon a showing that the party has the capability to earn more by the use of his best efforts." Koeppel v. Holyszko, 643 So.2d 72 (Fla. 2d DCA 1994). Here, there was no showing that the husband had the capability while he was in prison to earn the amount imputed to him.
Second, the child support provision is insufficient on its face because it contains no finding of a present ability to pay as required by section 61.14(5)(a), Florida Statutes (1993), which provides: "When a court of competent jurisdiction enters an order for the payment of alimony or child support or both, the court shall make a finding of the obligor's imputed or actual present ability to comply with the order." Upon remand the trial court should enter a support order in conformance with all of the requirements of chapter 61 and Bowen v. Bowen, 471 So.2d 1274 (Fla.1985).
Reversed and remanded for further proceedings in accordance with this opinion.
RYDER, A.C.J., and BLUE and FULMER, JJ., concur.