PER CURIAM.
We reverse a final judgment of dissolution of marriage because Appellant failed to receive proper notice of the final hearing. Florida Rule of Civil Procedure 1.440(c) states, “Trial shall be set not less than 30 days from the service of the notice for trial.” [1] See Roggemann v. Boston Safe Deposit and Trust Co., 670 So.2d 1073 (Fla. 4th DCA 1996); S.W.T. v. C.A.P. and T.W.T, 595 So.2d 1084 (Fla. 4th DCA 1992) (trial court’s failure to comply with mandatory language of 1.440(c), requiring trials not to be set less than 30 days from notice for trial, required reversal of declaratory judgment terminating husband’s parental rights).
This rule has been held mandatory and applicable to final hearings as well as to jury trials. See Colson v. Scroggins, 606 So.2d 472, 473 (Fla. 1st DCA 1992). In the instant case, the notice of hearing was filed July 8, noticing a hearing to be held on July 15. This notice clearly failed to comply with the 30 day requirement of rule 1.440(e).
STONE, C.J., and WARNER and PARIENTE, JJ., concur.

. In 1995, the Family Law Rules of Procedure adopted rule 12.440, which states that, "Florida Rule of Civil Procedure 1.440 shall govern general provisions concerning setting an action for trial in family law matters-” The rule then sets forth several exceptions and additions which are not relevant here.