767 So.2d 614 (2000)
John Mark VAUGHAN, Jr., Appellant,
v.
Ada Lynn VAUGHAN, Appellee.
No. 5D00-297.
District Court of Appeal of Florida, Fifth District.
September 15, 2000.
John Mark Vaughan, Jr., Panama City, Pro Se.
No appearance for Appellee.
PER CURIAM.
John Mark Vaughan, Jr. (husband) appeals from a final judgment of dissolution of marriage. We discuss only his contention that the trial judge erred in summarily denying his motion for transport to the final hearing.[1]
Upon receipt of the order setting the final hearing in the contested dissolution proceeding, appellant filed a motion for transport. Without explanation, the trial court denied the motion but indicated that a transport order would be entered if appellant first paid the costs of transportation.[2]
Before deciding not to have an inmate transported for attendance at a civil proceeding, a trial judge must first consider factors such as risk of escape, the need for expedited dispositions, costs, inconvenience, security precautions, the nature of the hearing, the impact of court ordered transportation on the state and the correctional agencies involved, and any other relevant factors. Waugh v. Waugh, 679 So.2d 1 (Fla. 2d DCA 1996); Little v. Little, 616 So.2d 1179 (Fla. 1st DCA 1993). As an alternative to ordering the inmate's physical presence at a civil proceeding, the trial court may properly consider conducting the hearing by telephone or permitting the taking of an inmate's deposition. Conner v. Conner, 590 So.2d 513 (Fla. 1st DCA 1991).
The record before us gives no indication that the trial judge gave any consideration to the required factors before deciding to deny the motion for transport, or whether the trial judge considered any of the alternatives to the husband's physical presence to ensure that his due process rights were protected. On remand, the trial judge must either order the husband transported to the hearing or utilize any alternatives to his physical presence.
REVERSED AND REMANDED for further proceedings in accordance with this opinion.
W. SHARP, and HARRIS, JJ., and ORFINGER, M., Sr. Judge, concur.
NOTES
[1] Appellant was confined to Bay Correctional Facility in Panama City, Florida.
[2] Appellant had previously been declared indigent for payment of court costs.