GRIFFIN, J.
Appellant, Michael Don Smith, appeals the summary denial of his Rule 3.800(a) motion. Defendant alleges that he committed the felony in question on March 4, 1996 and was sentenced under the 1995 amendment to the guidelines to 30 years or 360 months. He states that the 1995 guidelines are unconstitutional and that his sentence was affected because under the 1995 guidelines, his sentencing guidelines range was 273.75 to 456.25, and, under the 1994 guidelines, the range would be reduced to 163.2 to 272 months.
The trial court denied defendant’s motion, ruling that his sentence was not illegal because it was within the statutory maximum, even if the guidelines applied have been held unconstitutional. The state was ordered to file a response to the appeal and argued only that the record was too sparse to tell if defendant’s sentence was adversely affected by the application of the unconstitutional guidelines, and therefore the case should be remanded to the trial court for further consideration. In preference to reversal, we relinquished jurisdiction on June 28; however, on August 18, the State advised this court that no further action has been taken below.
In Heggs v. State, 759 So.2d 620 (Fla.2000), the Florida Supreme Court held that the 1995 amendment to the sentencing guidelines was unconstitutional and persons adversely affected by the amendment, whose sentence could not have been imposed under the 1994 guidelines without departure reasons, are entitled to be re-sentenced. This issue can be raised in a postconviction motion. See Martino v. State, 759 So.2d 727 (Fla. 5 th DCA 2000)(sentences imposed under the 1995 version of the guidelines are invalid and issue can be raised in postconviction motion); Griffis v. State, 755 So.2d 202 (Fla. 5 th DCA 2000).
Defendant has alleged that the offense in question was committed within the applicable window period, as established in Trapp v. State, 760 So.2d 924 (Fla.2000), and that he was adversely affected because the sentence imposed could not have been imposed under the 1994 guidelines without a departure. Therefore, we reverse the appealed order and remand for the trial court to either deny the motion and attach records refuting defendant’s allegations, or to resentence defendant.
REVERSED and REMANDED.
THOMPSON, C.J., and W. SHARP, J., concur.