783 So.2d 326 (2001)
Allan Eugene JOHNSON, Petitioner,
v.
Phyllis Elaine JOHNSON, Respondent.
No. 1D00-2508.
District Court of Appeal of Florida, First District.
April 12, 2001.
Petitioner pro se.
No appearance for respondent.
PER CURIAM.
Petitioner, an inmate in the Florida corrections system, seeks a writ of mandamus to compel the trial court to hold a final hearing, and then to render a final judgment, in a dissolution of marriage action.
It appears that a default has been entered against the wife. According to petitioner, he filed a motion to schedule the final hearing as a telephonic hearing, but the trial court denied the motion, noting that sworn testimony is necessary to dissolve a marriage. The trial court apparently also declined to order that petitioner be transported so that he might attend the final hearing.
*327 We conclude that petitioner is entitled to relief. When a party is incarcerated and cannot physically appear in a civil matter, the trial court normally should grant a request to hold necessary hearings by telephone, pursuant to the procedure outlined in Florida Rule of Judicial Administration 2.071, as an alternative to requiring that the inmate be transported to the hearing by the state. See, e.g., Gosby v. Third Judicial Circuit, 586 So.2d 1056 (Fla.1991); Vaughan v. Vaughan, 767 So.2d 614 (Fla. 5th DCA 2000); Waugh v. Waugh, 679 So.2d 1 (Fla. 2d DCA 1996); Conner v. Conner, 590 So.2d 513 (Fla. 1st DCA 1991).
We grant the petition for a writ of mandamus. On remand, the trial court shall set the cause for final hearing, and permit the hearing to take place by telephone.
PETITION FOR WRIT OF MANDAMUS GRANTED.
MINER, KAHN and WEBSTER, JJ., concur.