823 So.2d 261 (2002)
Ralph ALFONSO, Appellant,
v.
Gloria ALFONSO, Appellee.
No. 3D01-623.
District Court of Appeal of Florida, Third District.
August 7, 2002.
Ralph Alfonso, in proper person.
Kutner, Rubinoff, Busch & Lerner, and Susan S. Lerner, Miami, for appellee.
Before JORGENSON, LEVY and SORONDO, JJ.
SORONDO, J.
Ralph Alfonso appeals a final judgment dissolving his marriage to Gloria Alfonso. He argues that the trial court erred in denying him the inherent right to be present at the final hearing and that the trial court abused its discretion when it scheduled the final hearing less than thirty days from the service of notice for trial. We disagree and affirm.
Ralph and Gloria were married on September 20, 1994. They had their only child eleven months later and separated one year thereafter.
Ralph was arrested and ultimately convicted of felonies which resulted in a lengthy jail sentence that he is serving at *262 the DeSoto Correctional Institution in Arcadia, Florida. Gloria petitioned for dissolution of marriage on November 13, 2000, seeking sole parental custody and responsibility of the minor child, Gabriel, and no visitation for Ralph. Ralph answered and filed a counter-petition on January 11, 2001, seeking a dissolution of the marriage and "temporary" sole parental responsibility to Gloria until his release from prison. He further sought regular visitation with his son, and deferral of child support payments until his release.
The final hearing was held on February 6, 2001. The trial court entered a Final Judgment of Dissolution of Marriage awarding Gloria sole parental responsibility of the couple's only child. The court reserved jurisdiction as to the issues of visitation, child support, marital debts, medical insurance, and attorneys' fees and costs.
Although, Ralph was not given an opportunity to appear at the final hearing, in person or telephonically, he never made such a request in this case. See Johnson v. Johnson, 783 So.2d 326 (Fla. 1st DCA 2001)(when a party is incarcerated and cannot physically appear in a civil matter, the trial court should grant a request to hold necessary hearings by telephone); Waugh v. Waugh, 679 So.2d 1, 2 (Fla. 2d DCA 1996) (incarcerated husband's due process rights were violated in divorce proceeding where trial court failed to consider the inmates request to be transported to the final hearing); Baker v. Baker, 403 So.2d 1111, 1113 (Fla. 2d DCA 1981) (holding that when incarcerated husband indicates a desire to present evidence, trial court should afford husband opportunity to make arrangements to attend the hearing). Accordingly, he cannot now claim that he was denied the right to be present. See Murphy v. City of Port St. Lucie, 666 So.2d 879, 880 (Fla.1995) (holding that an issue not raised during trial is unrecognizable on appeal); Sierra by Sierra v. Public Health Trust of Dade County, 661 So.2d 1296, 1298 (Fla. 3d DCA 1995) (holding that an appellate court may not rule on issues not raised at the trial level); Cabral v. Diversified Servs., Inc., 560 So.2d 246, 248 (Fla. 3d DCA 1990) (holding that "generally, only questions that were before the trial court may be reviewed on appeal"); Little Beaver Theatre, Inc. v. State ex rel. Gerstein, 259 So.2d 217, 218 (Fla. 3d DCA 1972) (holding that only questions timely and properly raised below can be presented for the first time on appeal).
Ralph further argues that he received only four-days notice prior to trial. Rule 1.440(c), Florida Rules of Civil Procedure, states in part that a court shall set an action no less than thirty days from the service of the notice for trial. See Simpson v. Simpson, 700 So.2d 170 (Fla. 4th DCA 1997) (holding that "Florida Rule of Civil Procedure 1.440(c) shall govern general provisions concerning setting an action for trial in family law matters"). In this case, Ralph claims he received service of notice scheduling the final hearing on February 2, 2001, and that the final hearing was held on February 6, 2001.
It is uncertain whether Ralph would have requested the personal or telephonic appearance had he had the thirty-day notice. Nevertheless, in an abundance of caution, the trial judge did nothing more than dissolve the marriage and grant sole primary custody to Gloria. Ralph sought the dissolution of his marriage in his counter petition and can therefore not be heard to complain about that aspect of the court's ruling. On the custody issue, although Ralph's counter petition agreed only to "temporary" full parental responsibility for Gloria "until his release from prison," we see no meaningful difference between what Ralph sought and what the trial *263 judge awarded in light of the fact that Ralph's projected release date from prison is September 3, 2019.[1] Having thoroughly reviewed this record, we find no prejudicial error.
As concerns the subject of visitation during his incarceration, which we understand to be Ralph's primary concern, the trial judge made no final decision. Accordingly, Ralph is free to address this issue at any time. If this issue is raised, he will be given an opportunity to address the court either in person or telephonically.
Affirmed.
NOTES
[1] By our estimate, the child will be in his twenties when Ralph is released.