838 So.2d 703 (2003)
DEPARTMENT OF CHILDREN AND FAMILIES, Appellant,
v.
M.G., Mother of K.G. and P.G., Children, Appellee.
No. 5D02-1079.
District Court of Appeal of Florida, Fifth District.
March 7, 2003.
Charles D. Peters, Orlando, for Appellant.
Robert R. Berry and Gregory W. Eisenmenger, of Eisenmenger, Berry & Peters, P.A., Orlando, for Appellee.
PLEUS, J.
The Department of Children and Families appeals an order awarding $1500 in attorney's fees to M.G., the mother of two children the Department was seeking to have declared dependent.
The Department sheltered M.G.'s two children. A dependency petition was filed and after pretrial skirmishing was completed and discovery undertaken, the trial court scheduled trial for Wednesday, December 26, 2001. On the morning of December 26, the Department filed a motion for continuance which in essence said that it could begin the trial, but all of its witnesses *704 were not available so it would need a continuance after the first day of trial.
The able trial judge told the Department that the case would not be tried piecemeal. She told them to either start and finish without interruption or she would continue and reschedule. The Department asked for and was given a continuance.
M.G.'s lawyer stepped in and told the court, "Judge, I worked over Christmas to get ready for a trial that was supposed to start today. Had the Department moved last week for a continuance, I would not have spent that time." The judge said, "I agree and I'll hold a hearing on attorney's fees." The court did, and M.G. was awarded $1500 in attorney's fees for five hours of work.
The trial court did not abuse its discretion when it concluded that a continuance was necessary so the issue of dependency could be fully and properly litigated. See In re Gregory, 313 So.2d 735 (Fla.1975). It was not the request for a continuance, however, but its timing that led to the assessment of attorney's fees against the Department.
In Flea Market USA, Inc. v. Cohen, 490 So.2d 210 (Fla. 3d DCA 1986), the Third District ruled that a party which sought and obtained a continuance just before trial could be required to pay attorney's fees occasioned by the delay. Judge Schwartz wrote in Cohen:
We find no abuse of discretion in the order under review, which conditioned granting the appellant's eve of trial motion for continuance upon the payment of the appellee's attorney's fees caused by the delay.
490 So.2d at 210.
While the Department objected to the assessment of fees, it never withdrew its morning of trial motion for continuance and availed itself of the benefit of the continuance, admitting a continuance was essential to the effective presentation of its case. Under these circumstances, the trial court had the authority to assess attorney's fees occasioned by the belated request for a continuance.
Because the attorney's fees were awarded in conjunction with the granting of the Department's motion for continuance, we reject the Department's contention that the absence of a contractual or statutory basis for the recovery of attorney's fees is fatal to the award. Likewise, Moakley v. Smallwood, 826 So.2d 221 (Fla.2002), has no application to the assessment of fees because this was not a situation involving imposition of sanctions for an attorney's vexatious, bad faith conduct.
Finally, the amount of the award is supported by substantial competent evidence. Accordingly, the order assessing attorney's fees against the Department in the amount of $1500 is affirmed.
AFFIRMED.
GRIFFIN, J., and COBB, W., Senior Judge, concur.