FULMER, Judge.
McArthur Helm (“Helm”), a state prisoner, appeals the dismissal of his claim against the estate of Johnie Will Helm, Sr., the appellant’s father. The trial court dismissed Helm’s claim for failure to prosecute. We reverse because the trial court was not authorized to dismiss the claim for failure to prosecute where the underlying probate action remains pending. Further, the trial court did not provide Helm with an adequate opportunity to participate in the trial court proceedings.
Helm filed a creditor’s statement of claim in the probate action, In re: Estate of Helm, No. 98-3564-ES 003 (6th Cir. Ct.).[1] The personal representative of the estate, Johnnie Helm-James, moved to strike Helm’s claim as untimely filed, and the curator of the estate, Sally H. Foote, filed an objection to the claim. There is no record of any rulings being made on the motion to strike or on the objection to the claim.
Helm also filed an independent civil suit against Foote, as the curator of the estate, and the three named beneficiaries of the decedent’s will, Johnnie Helm-James, Johnie Will Helm, Jr., and Leslie Helm Smalls. Both Foote and Helm-James filed motions to transfer the civil action to the probate court on the ground that the action involved the administration of the estate. The attorney for the personal representative filed a notice of hearing on the motions to transfer and served Helm. Helm objected to the transfer and filed a request to participate in the hearing, specifically asking that a court order be sent to a named staff member at the prison where he was housed to arrange for his participation in the telephonic hearing. No court order was entered allowing for Helm’s participation in the hearing,[2] and it appears that Helm was not able to call in to the judge’s office at the designated time for the hearing. The record reflects that a telephonic hearing was held with the attorneys for the curator and the personal representative participating by calling in to the judge’s office, after which the court authorized the transfer of the case to the probate division. The order on the transfer recited a finding that the action pertained to the probate of the estate of Johnie Will Helm, Sr., which was pending in the probate division of the circuit court.
In March 2001, Helm filed in the probate case a motion for a mediation hearing. No action was taken on this motion. In May 2001, the personal representative filed a “Petition to Extend Time for Filing Final Accounting and Petition for Discharge.” In response, the trial court entered an order extending the time for filing the final accounting and petition for discharge until November 9, 2001.[3]
*641 In August 2001, the curator filed in the probate case a motion to dismiss for failure to prosecute Helm’s action. The motion was made pursuant to Florida Rule of Civil Procedure 1.420(e) and stated as grounds for the motion that “there has been no record activity in this case for a period of over one year.” Helm objected to the motion in a written response that cited his motion for mediation as evidence that the case had not been devoid of record activity for one year. The trial court granted the motion to dismiss on October 9, 2001.
On October 18, 2001, Helm moved to set aside the order of dismissal, arguing that he was not allowed to participate in the hearing on the motion to dismiss, that the trial court transferred his case to the probate court on August 2, 2000, over his objection, and that in March 2001 he had filed his motion for mediation, which constituted record activity.
The attorney for the curator filed a notice of hearing on Helm’s motion to set aside the dismissal. This notice stated: “Please note, pro se Plaintiff to appear by telephone by calling Judge Greer’s Chambers directly” with a telephone number provided. Helm responded with a detailed motion entitled “Motion for Court to Order D.O.C. to Allow Plaintiff to Call Up for Hearing and Pay for Call,” explaining that the Department of Corrections would not permit him to participate in the telephone hearing based on the notice of hearing alone. Helm requested one of three alternatives, that: (1) the court issue an order directing that Helm be allowed to participate in the hearing telephonically at state expense; (2) he be transferred to the court for the hearing; or, (3) the court rule on his motion to set aside the dismissal without a hearing.
The trial court proceeded with the hearing on Helm’s motion to set aside the dismissal without Helm’s participation and denied Helm’s motion. The court also denied Helm’s motion to order the Department of Corrections to allow him to call in for the hearing. In denying this motion, the court noted, “the Court has no authority or jurisdiction to grant the requested relief.”
We first find reversible error in the trial court’s order dismissing Helm’s claim for failure to prosecute under Florida Rule of Civil Procedure 1.420(e) because that rule authorizes dismissal of entire actions only, not specific claims. See Hanson v. Poteet, 556 So.2d 828 (Fla. 2d DCA 1990). Helm’s claim was part of the probate case by virtue of the transfer of his civil action to the probate case- — a transfer that the curator and personal representative requested. After the transfer, there was no separate action and no separate case number for Helm’s claim; it was subsumed into the probate case. Because the probate case was still pending when the trial court granted the dismissal, the dismissal was not authorized by the rule.
We further find error in the trial court’s denial of Helm’s motion requesting accommodation in order to participate in the hearing held on his motion to set aside the dismissal. The trial court denied Helm’s motion because it concluded it was not authorized to grant relief. This was incorrect. In a civil case, the trial court can order that an inmate be transported to a hearing by the state, see Waugh v. Waugh, 679 So.2d 1 (Fla. 2d DCA 1996); however, as an alternative, “the trial court normally should grant a request to hold necessary hearings by telephone.” Johnson v. Johnson, 783 So.2d 326, 327 (Fla. 1st DCA 2001) (citing Gosby v. Third Judicial Circuit, 586 So.2d 1056 (Fla.1991); Vaughan v. Vaughan, 767 So.2d 614 (Fla. 5th DCA 2000); Waugh; Conner v. Conner, 590 So.2d 513 (Fla. 1st DCA 1991)). Helm informed the court that he was un *642 able to participate by telephone without an order directed to the Department of Corrections. On remand, should the trial court elect to offer Helm an opportunity to participate in any necessary hearings by telephone, the trial court should ensure that the necessary arrangements are made with the Department of Corrections to permit Helm’s participation.
Reversed and remanded.
SALCINES and STRINGER, JJ., Concur.

.Helm initially filed a petition contesting the will and objecting to the named personal representative. After the will contest was disposed of by entry of summary judgment in favor of the respondent, Johnnie Helm-James, Helm filed the statement of claim and independent action which are the subject of the present appeal.

. In response to Helm’s request for an accommodation to participate in the hearing, the attorney for the personal representative sent a letter to prison officials requesting that Helm be permitted to place a call to the judge's office at his own expense at the time of the hearing.

. This deadline was later extended to December 7, 2001.