891 So.2d 654 (2005)
Glenn K. BURCH, Appellant,
v.
CITY OF LAKELAND, Florida, Appellee.
No. 2D04-2271.
District Court of Appeal of Florida, Second District.
February 2, 2005.
*655 Glenn K. Burch, pro se.
Charles E. Jacobson of Lakeland Police Department, Lakeland, for Appellee.
NORTHCUTT, Judge.
Glenn Burch appeals a final summary judgment forfeiting his car to the City of Lakeland under the Florida Contraband Forfeiture Act. We reverse because the court failed to afford due process by allowing Burch to appear or be heard at the summary judgment hearing.
The City filed a verified complaint seeking the forfeiture of Burch's car after drugs were discovered inside it, and ultimately the City filed a motion for summary judgment. Burch, a state prison inmate, filed a pro se motion asking to be transported from prison to attend the scheduled summary judgment hearing. In the alternative, Burch asked for a continuance of the hearing until his release from prison in eleven months. After the hearing, which Burch did not attend, the circuit court entered a summary judgment and final order of forfeiture in favor of the City. In the same order, the court denied Burch's motion to appear at the hearing, stating that his presence was not necessary because the court's disposition of a summary judgment motion was based on a consideration of the record.
*656 A court should consider any relevant factors when deciding whether to have a prisoner transported to attend a civil hearing, including "risk of escape, need for expedited disposition, costs, inconvenience, security precautions, the nature of the hearing, [and] impact of court ordered transportation on the state and the correctional agencies involved[.]" Waugh v. Waugh, 679 So.2d 1, 2 (Fla. 2d DCA 1996), disagreed with on other grounds by Mascola v. Lusskin, 727 So.2d 328 (Fla. 4th DCA 1999). As an alternative to the prisoner's physical presence, a court may permit the prisoner's appearance by telephone. Id.; see also Helm v. Foote, 841 So.2d 639 (Fla. 2d DCA 2003).
The record in this case reveals that when denying Burch's motion the court considered only the nature of the hearing. It failed to consider the alternative of having Burch appear by telephone. Consequently, Burch suffered a summary judgment forfeiting his property without being given an opportunity to be heard. "The basic due process guarantee of the Florida Constitution provides that `[n]o person shall be deprived of life, liberty or property without due process of law.' Art. I, § 9, Fla. Const." Dep't of Law Enforcement v. Real Prop., 588 So.2d 957, 960 (Fla.1991).
Procedural due process under the Florida Constitution guarantees to every citizen the right to have that course of legal procedure which has been established in our judicial system for the protection and enforcement of private rights. It contemplates that the defendant shall be given fair notice and afforded a real opportunity to be heard and defend in an orderly procedure, before judgment is rendered against him.
Id. (quoting in part State ex rel. Gore v. Chillingworth, 126 Fla. 645, 171 So. 649, 654 (1936)) (internal brackets omitted).
We reverse the forfeiture of Burch's property and remand for further proceedings consistent with Burch's due process rights. We have reviewed the other issues raised by Burch but find no merit there.
Reversed and remanded.
CASANUEVA and SALCINES, JJ., Concur.