IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

IRWIN HICKS, JR.,

      Appellant,

 v.                                                              Case No.  5D15-2252

SARPING, LLC,

      Appellee.

_____/

Opinion filed August 12, 2016

Appeal from the Circuit Court
for Lake County,
Lawrence J. Semento, Judge.

Irwin  Hicks, Jr., Bristol, pro se.

John A. Morey, of Morey Law Firm, P.A.,
Orlando, for Appellee.


PER CURIAM.

      Irwin  Hicks, Jr., who is currently incarcerated in the Florida Department of Corrections, appeals pro se the trial court's judgment of foreclosure on his house.[1]  Hicks raises five issues, one of which has merit:  whether the trial court erred in denying Hicks's motion for transport to the foreclosure hearing.  The other four issues will not be discussed because they are rendered moot.

---

[1] Hicks was declared indigent by the trial court.

When ruling on a motion to transport, this court has held that a trial court must weigh the risks and costs of granting the motion, including "risk of escape, the need for expedited dispositions, costs, inconvenience, security precautions, the nature of the hearing, the impact of court ordered transportation on the state and the correctional agencies involved, and any other relevant factors." Vaughan v. Vaughan, 767 So. 2d 614, 614 (Fla. 5th DCA 2000); see also Brown v. Sheriff of Broward Cty. Jail, 502 So. 2d 88, 89 (Fla. 4th DCA 1987). When the trial court determines that the costs of transporting the inmate outweigh the benefits, "the trial court may properly consider conducting the hearing by telephone or permitting the taking of an inmate's deposition." Vaughan, 767 So. 2d at 614 (citing Conner v. Conner, 590 So. 2d 513, 513 (Fla. 1st DCA 1991)).

We hold that the trial court should have considered the factors listed in Vaughan and given Hicks an opportunity to be heard at the foreclosure hearing, whether in person or by telephone. Accordingly, we reverse the judgment under review and remand for further proceedings consistent with this opinion.


REVERSED and REMANDED.

SAWAYA, ORFINGER and BERGER, JJ., concur.