DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TALYA SHITIAT,**
Appellant,

v.

**LUCA CALOGERO GIACOMARRA,**
Appellee.

No. 4D2025-1432

[May 6, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Jr. and Rosemarie Scher, Judges; L.T. Case No. 502023DR001551XXXXSB.

Daniel Saltzman of Nizahon Law, P.A., Sunrise, for appellant.

No brief filed on behalf of appellee.

PER CURIAM.

This appeal arises out of a paternity proceeding. We reverse the circuit court's sanctions order against the appellant/mother because she was not given notice or an opportunity to respond. Our reversal renders moot the remaining issue raised on appeal.

The father's motions relating to school boundary designation were set for hearing for May 30, 2024. On May 28, the mother's counsel moved to withdraw from representation based on irreconcilable differences. Counsel also moved for a continuance to give the mother sufficient time to obtain new counsel.

A hearing on counsel's motions was held on May 30. The trial court granted counsel's motion to withdraw. In a second order, the court granted a continuance on multiple conditions, only one of which is pertinent here: "The Court grants the [Father] an entitlement to his reasonable attorney's fees and costs incurred in attending the May 30, 2024, hearing *as a sanction* for the Respondent's last-minute filing. The Court reserves jurisdiction to determine the amount of same." (Emphasis added). The sanctions were imposed against the mother, not counsel. An

agreed order awarding fees was entered, with the mother reserving her right to appeal the imposition of fees.

We agree with the mother that to the extent the order determined entitlement to fees as a sanction against her, it must be reversed, as she was not provided with notice that the court was considering imposing fees as sanctions and she was not given the opportunity to present evidence. "Due process requires that a party 'be given . . . a real opportunity to be heard and defend in an orderly procedure, before judgment is rendered against [that party].'" *VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs., LLC*, 68 So. 3d 997, 999 (Fla. 4th DCA 2011) (alteration in original) (quoting *Burch v. City of Lakeland*, 891 So. 2d 654, 656 (Fla. 2d DCA 2005)). "To satisfy due process, '[t]he notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.'" *Navy Fed. Credit Union v. Camden Summit P'ship, L.P.*, 406 So. 3d 964, 966 (Fla. 4th DCA 2025) (alteration in original) (quoting *Schneider v. Tirikian*, 397 So. 3d 1070, 1073 (Fla. 3d DCA 2024)). "A trial court violates a party's due process rights when it expands the scope of a hearing to address and determine matters not noticed for hearing." *Wanda I. Rufin, P.A. v. Borga*, 294 So. 3d 916, 918 (Fla. 4th DCA 2020) (quoting *Rodriguez v. Santana*, 76 So. 3d 1035, 1037 (Fla. 4th DCA 2011)).

Here, the trial court apparently imposed sanctions on its own motion. To the extent sanctions were based on some unstated, unspecified bad faith conduct, the court was required to provide notice and an opportunity to be heard, including the opportunity to present evidence. *See Moakley v. Smallwood*, 826 So. 2d 221, 227 (Fla. 2002); *see also T/F Sys., Inc. v. Malt*, 814 So. 2d 511, 513 (Fla. 4th DCA 2002) (recognizing that *Moakley*'s holding extends to fees imposed against parties). The record and docket do not indicate that any notice was given, prior to the May 30 hearing, that the court would consider imposing fees as sanctions against the mother. Rather, only counsel's motions were noticed for hearing.

To the extent fees were imposed purely as a condition for continuance, we hold that under the unique circumstances of this case, where a continuance became necessary due to counsel's late motion to withdraw, and the record does not indicate the mother played any part in counsel waiting until two days before the hearing to move to withdraw, the mother was entitled to notice that the trial court would consider imposing attorneys' fees against her and an opportunity to be heard and to defend.[1]

---

[1] The outcome might differ if counsel had obtained a continuance shortly before the hearing, not for the purpose of withdrawing from representation, but for some

2

*Reversed.*

GROSS, CIKLIN and CONNER, JJ., concur.

*      *      *

***Not final until disposition of timely-filed motion for rehearing.***

---

other purpose, such as trial preparation. *See Dep't of Child. & Fams. v. M.G.,* 838 So. 2d 703, 703-04 (Fla. 5th DCA 2003) (holding trial court did not abuse its discretion in ordering the Department of Children and Families to pay the mother's attorney's fees for time spent preparing for trial over the Christmas holidays, where the Department moved for and was granted a continuance on the day of trial).