802 So.2d 1176 (2001)
Michael Wayne CORN, Appellant,
v.
Susan D. BLACKMON f/k/a Susan D. Corn, Appellee.
No. 1D01-47.
District Court of Appeal of Florida, First District.
December 19, 2001.
Michael Wayne Corn, Pro Se.
Susan D. Blackmon, Pro Se.
PER CURIAM.
The appellant in this dissolution of marriage action is a prisoner in the Florida Department of Corrections. He requested that the trial court allow him the opportunity to appear by telephone at the final hearing. The court entered an order by which the appellant's request was granted upon the condition that he make the appropriate *1177 arrangements and initiate the call. Although the appellant had previously notified the court of his correct address at Union Correctional Institution, the order was mailed to the Santa Rosa County Jail. The appellant made several subsequent requests to appear telephonically at the hearing, asserting that he had not received a ruling from the court on his prior motions. The court notified the appellant at his correct address of the scheduled date for the final hearing but made no mention of the earlier order and did not address the pending requests to appear. Because he had not received the court's order, the appellant did not make the necessary arrangements and did not appear at the hearing. The court's final judgment of dissolution of marriage noted that the court had granted the appellant's motion to appear telephonically. Upon receiving a copy of the final judgment, the appellant set forth the facts recited above in a motion for rehearing. The motion for rehearing was denied without a hearing.
The appellant's due process right to participate in the final hearing was violated when the appellant was not notified prior to the final hearing of the court's order granting the motion to participate by telephone. See, e.g., Days v. Days, 655 So.2d 1302 (Fla. 1st DCA 1995). The final judgment is therefore reversed and this case is remanded.
ALLEN, C.J., MINER and DAVIS, JJ., concur.