FULMER, Judge.
M.G.C., the Father, appeals from a final summary judgment that terminated his parental rights to his child, M.C., Jr. We reverse the order terminating the Father’s parental rights because the record does not reflect that the trial court gave the Father the opportunity to be represented by court-appointed counsel in this proceeding, and the record indicates that the Father was denied the opportunity to be present for the final hearing.
This case originated in the trial court with the filing of a petition, which sought to terminate the parental rights of the Father. The petition was filed by an adoption entity on behalf of the mother of M.C. pursuant to chapter 68, Florida Statutes (2002). The mother was married to the Father at the time of the child’s birth; however, they have since divorced, the mother is remarried, and her current husband intends to file a petition for stepparent adoption in the event that the petition for termination of the Father’s parental rights is upheld.
In granting the petition, the trial court found that the Father, who is incarcerated, failed to appear telephonically at the summary judgment hearing, and the Father’s actions supported a finding of abandonment under section 63.089(3)(d), Florida Statutes (2002). On rehearing from its summary judgment order, however, the trial court acknowledged that the Father’s failure to appear was due to no fault of the Father, but the court denied relief because it found that the Father “failed to file an affidavit or other sworn pleading in opposition to the motion for summary judgment.”
In O.A.H. v. R.L.A., 712 So.2d 4, 5-6 (Fla. 2d DCA 1998), this court noted that indigent parents must be furnished apr pointed counsel in proceedings brought by the state to terminate their parental rights pursuant to chapter 39, Florida Statutes; however, the question remained as to whether counsel must be appointed in a contested adoption proceeding under chapter 63, which is litigated between private parties. We held in O.A.H. that an indigent legal parent is entitled to appointed counsel in an adoption proceeding that involves the involuntary termination of his or her parental rights pursuant to chapter 63. Id. at 4. On the record before us, there is no indication that the trial court complied with the dictates of O.A.H. by making an inquiry as to whether the Father would qualify for court-appointed counsel and, if so, offering him representation. It appears that the Father has represented himself throughout the proceedings.
Further, it seems that the Father was not given the opportunity to appear and present evidence to the trial court before the final decision was made to terminate his rights. The trial court’s summary judgment order defaults the Father for failing to appear telephonically. The Father presented evidence to the trial *488 court on rehearing showing that he was denied the opportunity to use the telephone at the designated time by prison officials. In denying the motion for rehearing, the trial court essentially defaulted the Father for failing to file opposing affidavits in response to the mother’s summary judgment motion. These rulings have deprived the Father of his right to be heard. See R.P. v. Dep’t of Children & Families, 835 So.2d 1212, 1214 (Fla. 4th DCA 2003) (“[Cjourts should ordinarily refrain from determining a termination of parental rights by default when an absent parent is making reasonable effort to be present at the scheduled hearing and is delayed by forces or circumstances beyond the parent’s control.”).
We, therefore, reverse the Final Summary Judgment Order Terminating the Parental Rights of the Legal Father and remand for the trial court to make an indigency determination and, if the Father qualifies, to provide him with appointed counsel to represent him for a new final hearing. Our resolution of these issues makes it unnecessary for us to discuss the other points raised on appeal.
Reversed and remanded.
WHATLEY and SILBERMAN, JJ., Concur.