977 So.2d 687 (2008)
Kenneth ROGERS, Appellant,
v.
Jennifer ROGERS, Appellee.
No. 4D07-2545.
District Court of Appeal of Florida, Fourth District.
March 12, 2008.
Rehearing Denied April 21, 2008.
Kenneth Rogers, Punta Gorda, pro se.
No appearance for appellee.
PER CURIAM.
Affirmed.
FARMER and GROSS, JJ., concur.
WARNER, J., concurs specially with opinion.
WARNER, J., concurring specially.
I concur and write to address appellant's due process argument. Appellant appeals a final judgment of dissolution of marriage entered when he was in state prison. He claims that he was deprived of procedural due process, because he was not properly given notice of the final hearing, nor was he given the opportunity to be present by telephone at the final hearing. Although the order setting trial was sent to the wrong prison, a later filing by appellant shows that he actually received the order setting trial over two weeks prior to the trial date. Thus, he received adequate notice of the trial. See Fla. Fam. L.R.P. 12.440(a) ("reasonable notice of not less than 10 days shall be given"). He did not attempt to contact the court regarding the trial date or file a motion to transport for trial or at least appear telephonically.
Unlike the state's obligation in criminal cases to ensure the defendant's presence at critical stages of proceedings, in civil court no corresponding duty is imposed on the state. A prisoner involved in civil litigation (including family law cases) has the right to be heard but must take the initiative to secure the opportunity to appear and present his version of the facts. In other words, the prisoner must bring to the court's attention his desire to appear personally or telephonically at hearing or trial. See, e.g. Burch v. City of Lakeland, 891 So.2d 654 (Fla. 2d DCA 2005); Waugh v. Waugh, 679 So.2d 1 (Fla. 2d DCA 1996). Otherwise, the court will assume that the defendant does not desire to be present, just as it does with a non-incarcerated defendant who does not appear for trial in a civil matter.
A court is not required to grant a request to appear but can do so, depending upon the circumstances. See Brown v. Sheriff of Broward County Jail, 502 So.2d 88 (Fla. 4th DCA 1987). However, the prisoner first must raise the issue with the trial court. Appellant did not apprise the court of his desire to be present or move to continue the proceedings until he could be prepared. As such, he has not preserved his procedural due process argument.