BENTON, J.
Joe Johnson, an inmate in the custody of the Mississippi Department of Corrections, appeals the order dissolving his marriage to Shakira Johnson on grounds the trial court conducted a final dissolution hearing without affording him an opportunity to participate. We reverse and remand.
Because the appellant had apprised the trial court of his desire to attend and present evidence at the final dissolution hearing, the trial court erred in conducting the final dissolution hearing and entering final judgment without giving him an opportunity to appear, at least by telephone. We reject, however, appellant’s alternative argument that the trial court lacked personal jurisdiction over him and for that reason erred in entering final judgment of dissolution. See generally Wendt v. Horowitz, 822 So.2d 1252, 1256-57 (Fla.2002) (holding jurisdictional question reviewable under de novo standard). In filing below, among other things, a response to the dissolution petition, a request to complete approved parenting course, a motion for continuance, and a motion for jury trial, *401 none of which stated an objection to the court’s exercising personal jurisdiction, appellant waived any right to contest the trial court’s jurisdiction of his person. See Caldwell v. Caldwell, 921 So.2d 759, 760 (Fla. 1st DCA 2006); Brivis Enters., Inc. v. Von Plinski, 976 So.2d 1244, 1244 (Fla. 3d DCA 2008); Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005) (“[I]f a party takes some step in the proceedings which amounts to a submission to the court’s jurisdiction, then it is deemed that the party waived his right to challenge the court’s jurisdiction regardless of the party’s intent not to concede jurisdiction.” (quoting Cumberland Software, Inc. v. Great Am. Mortgage Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987))).
Appellant preserved for appellate review his right to be heard at the final dissolution hearing by apprising the trial court of his desire to be heard, his incarceration notwithstanding. Cf. Alfonso v. Alfonso, 823 So.2d 261, 262 (Fla. 3d DCA 2002) (holding that an incarcerated husband who evidently did not apprise the trial court of his desire to be heard at, and who failed to request to be present at a final dissolution hearing, either in person or telephonically, waived his right to argue on appeal that the trial court denied him the right to be present, at least where he apparently received all relief he requested). As Judge Warner observed, in her special concurrence in Rogers v. Rogers, 977 So.2d 687, 687 (Fla. 4th DCA 2008):
Unlike the state’s obligation in criminal cases to ensure the defendant’s presence at critical stages of proceedings, in civil court no corresponding duty is imposed on the state. A prisoner involved in civil litigation (including family law cases) has the right to be heard but must take the initiative to secure the opportunity to appear and present his version of the facts. In other words, the prisoner must bring to the court’s attention his desire to appear personally or telephoni-cally at hearing or trial.
When the issue is preserved, however, the right is clear. See Waugh v. Waugh, 679 So.2d 1, 2 (Fla. 2d DCA 1996) (holding trial court denied incarcerated husband due process by conducting final dissolution hearing in husband’s absence where husband had filed motions for transport and to testify at hearing); McGlamry v. McGlamry, 608 So.2d 553, 554-55 (Fla. 4th DCA 1992) (holding that an incarcerated husband who had moved for a transport order so that he could attend hearing on wife’s motion to establish visitation was entitled to reasonable notice and an opportunity to appear at hearing).
In the present case, because appellant “apprise[d] the court of his desire to be present” at the final hearing, Rogers, 977 So.2d at 687, including by “mov[ing] to continue the proceedings,” id., the trial court erred in failing to give appellant an opportunity to appear (at least telephoni-cally) at the hearing. See Baker v. Baker, 403 So.2d 1111, 1113-14 (Fla. 2d DCA 1981) (holding that where incarcerated husband’s pleadings adequately apprised trial court that husband desired to present evidence on issue of disposition of marital home during dissolution proceedings, trial court erred in holding final dissolution hearing addressing issue in husband’s absence).
The best practice would have been a separate motion for an order allowing participation by telephone. ‘When a party is incarcerated and cannot physically appear in a civil matter, the trial court normally should grant a request to hold necessary hearings by telephone, pursuant to the procedure outlined in Florida Rule of Judicial Administration 2.071 [now 2.530], as an alternative to requiring that the inmate be transported to the hearing *402 by the state.” Johnson v. Johnson, 783 So.2d 326, 327 (Fla. 1st DCA 2001) (granting incarcerated husband mandamus relief where trial court denied husband’s request to attend final dissolution of marriage hearing telephonically); Corn v. Blackmon, 802 So.2d 1176, 1177 (Fla. 1st DCA 2001) (holding trial court denied incarcerated husband due process by failing to notify husband prior to final hearing of order granting husband’s motion to attend hearing by telephone). A motion for an order requiring transport to the final hearing in person would also, unless granted in full, have obligated the trial court to consider alternatives to appellant’s physical presence at the hearing. In Conner v. Conner, 590 So.2d 513, 514 (Fla. 1st DCA 1991), for example, we reversed a final judgment of dissolution because the trial court denied an incarcerated husband’s motion for a transport order without indicating which factors, if any, it had considered in denying the motion and without indicating that it had considered any alternatives to the husband’s physical presence at the hearing. See Conner, 590 So.2d at 514 (“[A]s alternatives to ordering an inmate’s physical presence at a proceeding, the trial court may properly consider conducting the hearing by telephone, or permitting the taking of the inmate’s deposition pursuant to the various methods afforded by the Florida Rules of Civil Procedure.”); see also Little v. Little, 616 So.2d 1179, 1180 (Fla. 1st DCA 1993) (reversing final judgment of dissolution because appellate court could not determine whether trial court had considered the necessary factors prior to denying incarcerated husband’s request to be present at the trial on wife’s petition for dissolution and could not determine whether trial court had considered any alternatives to husband’s physical presence at trial); Truitt v. Truitt, 670 So.2d 1133, 1133 (Fla. 2d DCA 1996).
While no discrete motion was filed here, appellant repeatedly averred in several different filings that he wanted to, but could not, attend the final hearing because of his incarceration. His multiple pro se pleadings, which are to be construed liberally, see Chancey v. Chancey, 880 So.2d 1281, 1282 (Fla. 2d DCA 2004), evince an unequivocal desire to appear at the final dissolution hearing. Appellant stated in his initial response to appellee’s petition that he “wish[ed] to appear in court to [present his] side of the case”; in subsequent documents, he indicated his desire to be present at the final hearing, to cross-examine witnesses, and to present testimony in his own behalf. In his motion for continuance (which the trial court never ruled on), appellant requested that the court “re-set trial at the ... latest date possible,” explaining that he was not capable of transporting himself and asserting that he was scheduled to be released from the custody of the Mississippi Department of Corrections in about ten months. These filings put the trial court on notice that he wanted to participate in and had no intention to waive any right to be heard at the final dissolution hearing.
Accordingly, we reverse the final judgment of dissolution of marriage and remand for further proceedings consistent with this opinion.
VAN NORTWICK, J., concurs; HAWKES, J., dissents with opinion.