Nashua District Court
No. 2009-718

RONALD BUZZARD, JR.

v.

F.F. ENTERPRISES & a.

Submitted: June 10, 2010
Opinion Issued: October 19, 2010

Ronald Buzzard, Jr., by brief, *pro se*.

F.F. Enterprises, *pro se*, filed no brief.

Ariel Shea, *pro se*, filed no brief.

DUGGAN, J. The plaintiff, Ronald Buzzard, Jr., appeals an order of the Nashua District Court (*Bamberger*, J.) denying his motion for a telephonic hearing. We reverse and remand.

The record supports the following facts. In January 2009, Buzzard filed a small claim complaint in Nashua District Court while he was incarcerated in the State of Washington. His complaint against the defendants, Ariel Shea and F.F. Enterprises, alleged that he had purchased by mail various magazines and photographs that he did not receive. Buzzard claimed sixty dollars in damages and $125.00 in "reasonable attorney's fees . . . for having to waste his time and the courts [*sic*] in filing this claim." The district court docketed the matter for a hearing on the merits and notified Buzzard by mail.

On July 25, 2009, Buzzard moved for a telephonic hearing, stating, "I am out-of-state in Washington, not in New Hampshire, and I am currently

incarcerated and cannot appear in person, but I have a constitutional right to present my defense." The district court denied Buzzard's motion. Thereafter, judgment was entered for the defendants because Buzzard failed to appear at the hearing. This appeal followed.

On appeal, Buzzard argues that the trial court violated his constitutional rights and unsustainably exercised its discretion in denying his motion. Because we decide cases on constitutional grounds only when necessary, *see Hughes v. N.H. Div. of Aeronautics*, 152 N.H. 30, 35 (2005), we first address the unsustainable exercise of discretion claim.

"The trial court has broad discretion in managing the proceedings before it," *In the Matter of Conner & Conner*, 156 N.H. 250, 252 (2007), and we will not disturb such a ruling unless the court unsustainably exercised its discretion, *id.* The trial court's decision is not sustainable if it is "clearly untenable or unreasonable to the prejudice of [Buzzard's] case." *State v. Lambert*, 147 N.H. 295, 296 (2001) (quotation omitted).

We have never considered whether a district court can be required to permit a party to participate in a hearing telephonically, and our precedents are not helpful in resolving the question. We therefore look to the decisions of other jurisdictions. *See generally State Prisoner's Right to Personally Appear at Civil Trial to which he is a Party*, 82 A.L.R.4TH 1063 (1990) (collecting and analyzing relevant cases).

In *Johnson v. Johnson*, 992 So. 2d 399 (Fla. Dist. Ct. App. 2008), the trial court denied an incarcerated husband's numerous requests to participate in dissolution of marriage proceedings. *Id.* at 400. The husband informed the trial court that his requests stemmed from a desire to present his side of the case and to cross-examine witnesses. *Id.* at 402. He also moved for a continuance, asking the court to postpone trial until he was released from custody. *Id.* The court of appeals held that since the husband "apprised the court of his desire to be present[,] . . . the trial court erred in failing to give appellant an opportunity to appear (at least telephonically) at the hearing." *Id.* at 401 (quotation and brackets omitted); *see also Seth D. v. State, Dep't of Health and Social Servs.*, 175 P.3d 1222, 1229 (Alaska 2008) (upholding trial court's denial of motion for transport where party permitted to participate telephonically); *In Re R.C.R.*, 230 S.W.3d 423, 426-27 (Tex. App. 2007) (dismissal for want of prosecution fundamentally unfair and violative of constitutional rights where court denied motion to appear telephonically); *Burch v. City of Lakeland*, 891 So. 2d 654, 656 (Fla. Dist. Ct. App. 2005) (finding error in trial court's failure to consider telephonic participation as alternative to personal appearance); *State ex rel. Christie v. Husz*, 579 N.W.2d 243, 246 (Wis. Ct. App. 1998) (appearance by telephone appropriate alternative to personal appearance); *State, Dep't of Econ. Sec.*

*v. Valentine*, 945 P.2d 828, 831 (Ariz. Ct. App. 1997) (telephonic participation constitutionally acceptable alternative to personal appearance); *Sweed v. City of El Paso*, 139 S.W.3d 450, 454-55 (Tex. App. 2004) ("[I]t is fundamentally unfair to order [an inmate] to appear at a ... hearing, ignore his request to appear at the hearing ... telephonically ... , and then dismiss his case for the sole reason that he failed to appear at the ... hearing."); *Waugh v. Waugh*, 679 So. 2d 1, 2 (Fla. Dist. Ct. App. 1996) (reversing the trial court's denial of a husband's motion for transport in a dissolution of marriage action where the court could not determine from the record whether the trial court "gave any consideration to the factors which should be considered in deciding whether to order an inmate transported to a civil hearing or whether the trial court considered any alternatives to ensure that the husband's due process rights were protected"); *McGlamry v. McGlamry*, 608 So. 2d 553, 554 (Fla. Dist. Ct. App. 1992) (reversing a modification to the parties' visitation stipulation where the trial judge "simply denied [a] motion [for transport] without any further explanation or findings").

Additionally, two federal courts of appeal have addressed whether prisoners have a right to participate in civil actions to which they are parties. In *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 109 (4th Cir. 1988), the federal district court "administratively closed" Muhammad's *pro se* case, citing his incarceration. *Id.* at 110. Muhammad appealed the closure of his case, and the Fourth Circuit reversed, stating: "Ideally ... , [incarcerated] plaintiff[s] should be present at the trial[s] of their action[s], particularly if, as will ordinarily be true, [their] own testimony is potentially critical. Not only the appearance but the reality of justice is obviously threatened by [their] absence." *Id.* at 111.

However, the prisoner's right to be present is not unqualified. As the *Muhammad* court noted, "The law . . . recognizes that there are countervailing considerations of expense, security, logistics, and docket control that prevent according prisoners any absolute right to be present." *Id.* at 111-12; *see also Stone v. Morris*, 546 F.2d 730, 735 (7th Cir. 1976) (holding that "the summary exclusion of a plaintiff-prisoner from the trial of his prison-connected civil rights claim" was not justified by the record).

In this case, the plaintiff could not appear in person at his trial and specifically requested a telephonic hearing. The court did not indicate whether there were countervailing considerations such as expense, security, or logistics that were sufficient to deny his motion. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, HICKS and CONBOY, JJ., concurred.