MORRIS, Judge.
 

 Marco Miranda, the father, appeals a final order on parental responsibility, time-sharing, and other matters relating to the minor children. The order grants Monica Munoz-Ortiz, the mother, sole parental responsibility and sole timesharing of the parties’ four children. The father raises three main points on appeal, only one of which has merit. For the reason explained below, we reverse and remand for further proceedings.
 

 The mother filed a petition to establish custody, parental responsibility, and child support. The father filed a response and counterpetition. The father is incarcerated but was permitted by court order to appear telephonically at the final hearing on March 22, 2010. The order directed the father to initiate his appearance by calling a designated phone number at a designated time. The final order on appeal states that the father did not appear telephonically at the final hearing although he was provided notice and “all information necessary to effectuate his appearance telephonically.” The father filed two responses to the trial court’s final order, claiming that he had appeared at the prison’s classification department on March 22,
 
 *844
 
 2010, and had awaited instructions by prison officials but was told after an hour to go back to his dorm. The father also filed a motion for rehearing, reiterating that he had attempted to appear at the final hearing but that due to circumstances beyond his control, he was unable to submit exhibits from the prison supporting his claim that he attempted to appear. The trial court denied the father’s motion for rehearing, concluding that “[t]he limitations and/or restrictions imposed on the Father as a result of his incarceration, or the policies of the facility where he is incarcerated, are not matters within the jurisdiction of this Court.”
 

 On appeal, the father claims that his right to due process was denied because he was ready to appear telephonically at the hearing on March 22, 2010, but after waiting for an hour, he was told by prison officials to return to his dorm. He claims that he later learned that the prison officials called in for the hearing but were told that the judge was running ahead of schedule and had already conducted the hearing without him.
 

 An incarcerated party has a right to be heard in civil matters if the party has brought to the court’s attention his or her desire to appear personally or telephoni-cally.
 
 Johnson v. Johnson,
 
 992 So.2d 399, 401 (Fla. 1st DCA 2008) (citing
 
 Waugh v. Waugh,
 
 679 So.2d 1 (Fla. 2d DCA 1996)). Here, the trial court gave the father the opportunity to appear telephonically, but the father failed to do so. The issue before this court is whether the trial court erred in summarily denying the father’s motion for rehearing once the father notified the trial court in his motion for rehearing and two other filings that he attempted to appear telephonically from prison but was prevented from doing so.
 

 In
 
 M.G.C. v. M.C.,
 
 899 So.2d 486, 487 (Fla. 2d DCA 2005), the father appealed a summary judgment order terminating the father’s parental rights, which order “default[ed] the [fjather for failing to appear telephonically.” This court held that the trial court erred in denying the father’s motion for rehearing because “[t]he [fja-ther presented evidence to the trial court on rehearing showing that he was denied the opportunity to use the telephone at the designated time by prison officials.”
 
 Id.
 
 at 487-88.
 

 As explained above, the law provided the father in this case with the due process right to be heard.
 
 See Johnson,
 
 992 So.2d at 401. In his motion for rehearing and responses to the final order, the father argued that he attempted to appear at the final hearing and that exhibits would show that he attempted to appear. Therefore, the trial court should have provided the father with an opportunity to prove on rehearing that he attempted to appear telephonically at the final hearing but that he was denied the opportunity to do so. Accordingly, we reverse and remand for the trial court to reconsider the motion for rehearing and to determine whether the father did in fact make all efforts within his control to appear telephonically at the final hearing. The trial court may hold an evidentiary hearing if necessary.
 

 Reversed and remanded.
 

 SILBERMAN, C.J., and CASANUEVA, J., Concur.