PER CURIAM.
Stanley Garrett, an inmate in the Florida correctional system, appeals the trial court’s order denying his motion to modify or dissolve a domestic violence injunction. Because Garrett was denied an opportunity to appear telephonieally, we reverse for a new hearing.
After Garrett filed his motion to modify or dissolve the domestic violence injunction entered against him, he filed a motion, asking the trial court to allow him to appear telephonieally. Although the trial court never ruled on the motion, the Clerk’s notice of hearing noted Garrett would appear telephonieally. When Garrett failed to call in for the scheduled hearing, the trial court denied his motion.
An incarcerated party has a right to be heard in civil matters if the party has brought to the court’s attention his or her desire to appear personally or telephoni-cally. Johnson v. Johnson, 992 So.2d 399, 401 (Fla. 1st DCA 2008). Here, Garrett brought the matter to the court’s attention. By rule, the Department of Corrections requires institutional staff to place *929 direct calls to the court when an inmate is required to participate in a telephone hearing. See Fla. Admin. Code R. 33-602.205(8)(b). That did not occur here. As a result, Garrett was denied the opportunity to appear.
For these reasons, we reverse the order and remand for further proceedings. In doing so, we express no opinion on the merit of Garrett’s motion.
REVERSED and REMANDED.
SAWAYA, ORFINGER and EVANDER, JJ., concur.