ORFINGER, J.
Nanci Hubsch appeals a final summary judgment foreclosing a homeowner’s association lien. She argues that she was denied due process when the trial court failed to allow her to appear telephonieally for the summary judgment hearing despite filing a proper and timely motion for a telephonic appearance. We agree and reverse.
Howell Creek Reserve Community Association, Inc. filed a complaint seeking to foreclose a lien for unpaid association assessments. Ms. Hubsch filed a pro se answer from prison where she currently resides, generally denying Howell Creek’s complaint. However, Ms. Hubsch’s daughter also filed an answer, allegedly on her mother’s behalf, admitting the claim and seeking a workout arrangement. Howell Creek then filed a motion for summary judgment and noticed the motion for hearing. Ms. Hubsch responded by filing a motion to continue the summary judgment hearing, and, failing that, to appear telephonieally. The motion for continuance was denied without a hearing but the trial court took no action on Ms. Hubsch’s motion for telephonic hearing even though both motions were filed at the same time.
Apparently, the summary judgment hearing took place as scheduled, and Ms. Hubsch’s daughter appeared as, according to the trial court, her “representative,” and agreed to the entry of a final judgment. Of course, as a non-attorney, Ms. Hubsch’s daughter had no authority to act for her mother in any capacity. Notwithstanding, the trial court entered a final summary judgment of foreclosure and Ms. Hubsch timely filed a motion for rehearing and a motion for relief from judgment. Following the denial of those motions, this appeal followed.
Ms. Hubsch properly apprised the trial court of her desire to attend the *476 summary judgment hearing telephonically. The trial court erred by conducting the hearing without giving her an opportunity to appear by telephone. See Johnson v. Johnson, 992 So.2d 399, 401 (Fla. 1st DCA 2008). As Judge Warner observed in her special concurrence in Rogers v. Rogers, 977 So.2d 687, 687 (Fla. 4th DCA 2008):
Unlike the state’s obligation in criminal cases to ensure the defendant’s presence at critical stages of proceedings, in civil court no corresponding duty is imposed on the state. A prisoner involved in civil litigation ... has the right to be heard but must take the initiative to secure the opportunity to appear and present his version of the facts. In other words, the prisoner must bring to the court’s attention his desire to appear personally or telephonically at hearing or trial.
When the issue is preserved, the right is clear. See, e.g., Waugh v. Waugh, 679 So.2d 1, 2 (Fla. 2d DCA 1996) (holding that trial court denied incarcerated husband due process by conducting final dissolution hearing in husband’s absence where husband had filed motions for transport and to testify at hearing).
Ms. Hubsch apprised the court of her desire to participate telephonically at the summary judgment hearing by filing an appropriate and timely motion. The trial court’s failure to accord her that right denied her due process. Accordingly, we reverse the final judgment and remand for further proceedings.
REVERSED and REMANDED.
WALLIS and LAMBERT, JJ, concur.