PER CURIAM.
Appellant Lester Butler appeals the denial of his motion to dissolve a restraining order against him. Butler, who is incarcerated, argues that the lower court reversibly erred by failing to give him an adequate opportunity to participate in the *751 motion hearing telephonically. We agree and reverse.
The record before us reflects the following case chronology and court rulings: Butler filed his motion to dissolve the restraining order on June 3, 2013. The court issued an order on June 17, 2013,[1] setting a hearing on the motion for 9:30 a.m. on June 25, 2013. Butler subsequently filed a Motion for Telephonic Hearing stating that he was unable to appear in person at the hearing because of his incarceration, and further that, “The court must fax a copy of the order [granting the telephonic hearing] to the Classification Department here at Desoto Correctional Institution — 13617 Southeast Highway 70 Arcadia, Florida 34266-7800 two days before the hearing is scheduled.” The prison stamp on Butler’s motion reflects he provided it for mailing on June 18, 2013. The motion also bears a stamp showing the judge received it on June 24, 2013. The judge did not rule on it, however, until 4:50 p.m. on June 25, 2013, after holding the 9:30 a.m. hearing on Butler’s motion to dissolve the restraining order and entering an order denying dissolution, which states, as grounds:
1. Mr. Butler did not appear, and could not be reached by telephone.
2. The sworn motion is insufficient to overcome the testimony of [Appellee]; Mr. Butler having failed to meet his burden, the motion is denied.
The Order Denying Motion for Telephonic Hearing states, in pertinent part:
1. The hearing took place as scheduled earlier today.
2. Court staff attempted to reach Mr. Butler, without success as no classification officer picked up the phone.
3. The sworn motion [to dissolve restraining order] showed no pertinent change in circumstances, leaving no choice but to deny the motion.
“An incarcerated party has a right to be heard in civil matters if the party has brought to the court’s attention his or her desire to appear personally or telephonically.” Garrett v. Pratt, 128 So.3d 928, 928 (Fla. 5th DCA 2013) (citing Johnson v. Johnson, 992 So.2d 399, 401 (Fla. 1st DCA 2008)). “When a party is incarcerated and cannot physically appear in a civil matter, the trial court normally should grant a request to hold necessary hearings by telephone, pursuant to the procedure outlined in Florida Rule of Judicial Administration 2.071 [now 2.530], as an alternative to requiring that the inmate be transported to the hearing by the state.” Johnson v. Johnson, 783 So.2d 326, 327 (Fla. 1st DCA 2001). Importantly, the Department of Corrections requires institutional staff to initiate all such telephone calls. See Fla. Admin. Code. R. 33-602.205(8)(b). It is reasonable to infer from this directive that institutional staff must first receive an order from the court requiring an inmate to appear for a hearing by telephone on a specific date and at a specific time.
In Butler’s case, the trial court issued no such order. Instead, it convened the hearing, directed court staff to call the prison, and held the hearing without Butler when no one answered the phone. We conclude that, notwithstanding the attempt to contact Butler, the court’s failure to issue an order granting Butler’s request to appear by telephone resulted in his being precluded from participating in the hearing. See Johnson, 992 So.2d at 401-02 (reversing final judgment of dissolution of marriage where inmate notified trial court of his desire to participate in final dissolu *752 tion hearing, but court held hearing and entered final judgment without giving inmate opportunity to appear, even tele-phonically). Accordingly, we reverse the order denying Butler’s motion to dissolve the restraining order against him, and remand for further proceedings to include permitting Butler to file another motion for telephonic hearing.
REVERSED and REMANDED.
PADOVANO, CLARK and MARSTILLER, JJ., concur.

. The trial judge actually signed the order on June 10, 2013. It is unclear from the record why it took a full seven days for the order to be filed with the Clerk of Court.