IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JERRY W. HAVENNER,

     Appellant,

v.

DEBORA HUTCHINSON,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3429

Opinion filed April 17, 2015.

An appeal from the Circuit Court for Clay County.
Dan Wilensky, Judge.

Jerry W. Havenner, pro so, Appellant.

No appearance for Appellee.

PER CURIAM.

     Appellant Jerry W. Havenner, who is incarcerated, appeals the denial of his motion for modification of a repeat violence injunction issued against him. Havenner argues that his due process rights were violated when the lower court denied his motion after he, through no fault of his own, failed to appear at the hearing. We agree and reverse.

The record before us reflects that Havenner properly brought to the lower court's attention his desire to appear telephonically for the hearing. The lower court, in turn, noted on Havenner's notice of hearing that he was to appear telephonically. However, on the date of the hearing, Havenner failed to appear telephonically. The lower court then denied his motion.

"An incarcerated party has a right to be heard in civil matters if the party has brought to the court's attention his or her desire to appear personally or telephonically." Butler v. Norton, 40 Fla. L. Weekly D493 (Fla. 1st DCA Feb. 24, 2015) (citing Garrett v. Pratt, 128 So. 3d 928 (Fla. 5th DCA 2013); (Johnson v. Johnson, 992 So. 2d 399, 401 (Fla. 1st DCA 2008)). When the incarcerated party cannot make a personal appearance in a civil matter, the judge should still allow the hearing to be held with the incarcerated party having telephonic access to the hearing. See Fla. R. Jud. Admin. 2.530.

Here, as in Butler, the party was incarcerated in the Florida Department of Corrections, which does not permit a party or anyone else to initiate a call – but requires that institutional staff initiate such phone calls. See Fla. Admin. Code R. 33-602.205(8)(b).

Because, as in Butler, the trial court here failed to issue an order directed to the Department of Corrections requiring Appellant to appear telephonically at a specified time and date, we reverse the order denying Mr. Havenner's motion to

2

dissolve the injunction against repeat violence and remand for further proceedings.

REVERSED and REMANDED.

CLARK and ROWE, JJ., CONCUR; MAKAR, J., CONCURS, WITH OPINION.

MAKAR, J., concurring.

I agree that reversal is proper, but note that doing so is necessary only because appellant filed a notice of appeal before the trial court had the opportunity to grant his motion for rehearing, an order that accorded him the full relief he seeks on appeal.