PER CURIAM.
Appellant Jerry W. Havenner, who is incarcerated, appeals the denial of his motion for modification of a repeat violence injunction issued against him. Havenner argues that his due process rights were violated when the lower court denied his motion after he, through no fault of his own, failed to appear at the hearing. We agree and reverse.
The record before us reflects that Havenner properly brought to the lower court’s attention his desire to appear tele-phonically for the hearing. The lower court, in turn, noted on Havenner’s notice of hearing that he was to appear telephoni-cally. However, on the date of the hearing, Havenner failed to appear telephoni-cally. The lower court then denied his motion.
“An incarcerated party has a right to be heard in civil matters if the party has brought to the court’s attention his or her desire to appear personally or telephonically.” Butler v. Norton, 158 So.3d 750 (Fla. 1st DCA 2015) (citing Garrett v. Pratt, 128 So.3d 928 (Fla. 5th DCA 2013); (Johnson v. Johnson, 992 So.2d 399, 401 (Fla. 1st DCA 2008))). When the incarcerated party cannot make a personal appearance in a civil matter, the judge should still allow the hearing to be held with the incar *1114 cerated party having telephonic access to the hearing. See Fla. R. Jud. Admin. 2.530.
Here, as in Butler, the party was incarcerated in the Florida Department of Corrections, which does not permit a party or anyone else to initiate a call — but requires that institutional staff initiate such phone calls. See Fla. Admin. Code R. 33-602.205(8)(b).
Because, as in Butler, the trial court here failed to issue an order directed to the Department of Corrections requiring Appellant to appear telephonically at a specified time and date, we reverse the order denying Mr. Havenner’s motion to dissolve the injunction against repeat violence and remand for further proceedings.
REVERSED and REMANDED.
CLARK and ROWE, JJ., concur; MAKAR, J., concurs, with opinion.