IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT T. POTCHEN,

      Appellant,

 v.                                       Case No.  5D15-2602

ALICE POTCHEN,

      Appellee.

_____/

Opinion filed July 1, 2016

Appeal from the Circuit Court
for Seminole County,
Jessica J. Recksiedler, Judge.

Robert T. Potchen, Milton, pro se.

No Appearance for Appellee.

PER CURIAM.

In this domestic violence injunction case, Robert Potchen appeals an order modifying a permanent injunction to allow his wife to enter the marital home and retrieve her possessions. Although the order seems appropriate, Appellant is correct that he was denied due process when the lower court failed to act on his request to appear by telephone from prison. *See, e.g., Garrett v. Pratt*, 128 So. 3d 928, 928 (Fla. 5th DCA 2013) ("An incarcerated party has a right to be heard in civil matters if the party has brought to the court's attention his or her desire to appear personally or telephonically.");

*Johnson v. Johnson*, 992 So. 2d 399, 401-02 (Fla. 1st DCA 2008) ("When a party is incarcerated and cannot physically appear in a civil matter, the trial court normally should grant a request to hold necessary hearings by telephone, pursuant to the procedure outlined in Florida Rule of Judicial Administration 2.071 [now 2.530], as an alternative to requiring that the inmate be transported to the hearing by the state." (quoting *Johnson v. Johnson*, 783 So. 2d 326, 327 (Fla. 1st DCA 2001))); *see also Samanka v. Brookhouser*, 899 So. 2d 1190, 1191 (Fla. 2d DCA 2005) ("A nonmoving party must be afforded a hearing before an injunction may be amended."). As such, we reverse and remand with directions that Appellant be given an opportunity to be heard on the motion.

REVERSED AND REMANDED WITH DIRECTIONS.

LAWSON, C.J., LAMBERT and EDWARDS, JJ., concur.