IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

IRIS LAMAR ANDERSON,

      Appellant,

 v.                                      Case No.  5D16-888

ANNETTA ANN ANDERSON,

      Appellee.

_____/

Opinion filed September 16, 2016

Appeal from the Circuit Court
for Marion County,
Steven G. Rogers, Judge.

Iris Lamar Anderson, Orlando, pro se.

Annetta Ann Anderson, Ocala, pro se.

PER CURIAM.

      The former husband, Iris Lamar Anderson, appeals a final judgment dissolving his marriage to the former wife, Annetta Ann Anderson.  He argues that he was denied due process when the final hearing was conducted without his telephonic presence.  We affirm in part and reverse in part.

      The former husband is an inmate in the Florida Department of Corrections.  After the former wife filed a petition for dissolution of marriage, the former husband filed a pro se answer, agreeing that the marriage should be dissolved, but requesting the distribution

of certain personal property. He also filed a motion to appear at the final hearing telephonically. The trial court granted his motion and directed the Department of Corrections to bring him to the telephone at the appointed time. However, because of a clerical error at the Department of Corrections, that was not done and the hearing proceeded without him.

A prisoner involved in civil litigation has the right to be heard, but must take the initiative to secure the proper opportunity to appear telephonically. Rogers v. Rogers, 977 So. 2d 687, 687 (Fla. 4th DCA 2008) (Warner, J., concurring specially). Here, the former husband did all that was required of him. Through no fault of his, or the trial court, his attendance was frustrated. Accordingly, while we affirm the final judgment dissolving the marriage, we reverse and remand for further proceedings consistent with the former husband's due process rights in determining what, if any, personal property the former husband is entitled to receive.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

ORFINGER, BERGER and EDWARDS, JJ., concur.