**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0110, <u>Robert Flannery v. Gerrity Industries</u>, the court on January 12, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Robert Flannery, appeals an order of the Superior Court (<u>Abramson</u>, J.) denying his request for attorney's fees and costs in his action against the defendant, Gerrity Industries, on a promissory note. He contends that the trial court erred by denying his request on the basis that he did not timely file an affidavit of fees.

"Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases." <u>State v. Knight</u>, 161 N.H. 338, 341 (2011) (quoting <u>United States v. Trobee</u>, 551 F.3d 835, 838 (8th Cir. 2009)). The trial court has the authority to default a party for material noncompliance with its orders. <u>Douglas v. Douglas</u>, 143 N.H. 419, 423 (1999). The trial judge is in the best position to determine what is required to ensure the orderly administration of justice, <u>Knight</u>, 161 N.H. at 342, and has broad discretion to manage the proceedings before it, <u>Buzzard v. F.F. Enters.</u>, 161 N.H. 28, 29 (2010). Its discretion necessarily encompasses decisions concerning the enforcement of a scheduling order. <u>See, e.g.</u>, <u>Estate of Sicotte v. Lubin & Meyer</u>, 157 N.H. 670, 673 (2008).

We will not overturn the trial court's decisions on such matters absent an unsustainable exercise of discretion. <u>Id</u>.; <u>Buzzard</u>, 161 N.H. at 29. This means that we examine the record to determine whether it establishes an objective basis to sustain the trial court's discretionary judgments. <u>See</u> <u>State v. King</u>, 168 N.H. 340, 344 (2015).

In this case, the trial court found in its January 6, 2016, order on damages that the plaintiff's request for fees included fees to which he was not entitled. Thus, it required him to submit a new calculation of attorneys' fees within ten days and encouraged the parties "to reach an agreement on this issue." The plaintiff avers that he did not receive the order until January 11. However, the record does not reflect that he objected to the deadline or sought an extension. The plaintiff argues that the defendant "prolonged" the parties' negotiations past the ten-day deadline. However, the order placed the responsibility for

resubmitting his attorneys' fees request squarely upon the plaintiff. The plaintiff argues that it was "inconsistent" for the trial court to recommend that the parties reach an agreement on the fees. However, the trial court ordered that, if the parties were unable to agree within ten days, the plaintiff was to submit his recalculated fee request and the defendant would have ten days thereafter to respond. Nothing in the order prevented the parties from negotiating the resolution of the fee issue while simultaneously complying with the deadlines for submitting their pleadings.

The plaintiff argues that the defendant's note expressly entitled him to the fees and costs incurred in collecting under it and that the defendant's "unreasonable claims unfairly drove up the cost of litigation." However, the plaintiff had the burden to establish his entitlement to the fees he sought, and these arguments do not address his failure to comply with the trial court's order. The plaintiff argues that the defendant was not prejudiced by his failure to comply with the deadline and that denial of the attorney's fees results in a "windfall" to the defendant. However, he does not cite, nor are we aware of, any authority that this is a controlling consideration.

The plaintiff next argues that missing the deadline did not justify such a "[D]raconian" penalty and that the record does not show that the trial court considered lesser penalties. However, the trial court held a hearing on damages at which it addressed the plaintiff's request for attorney's fees. It then waited until well after the deadline it had set before denying him fees and costs. Furthermore, although the plaintiff represents that he resubmitted his request for fees with his motion to reconsider three days after the denial order was issued, he has not provided a copy of that motion in an appendix. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Thus, we do not know what explanation he offered to the trial court. Nor does he explain in his brief why he missed the deadline. The plaintiff argues that "New Hampshire favors judicial policy allowing the prompt correction of mistakes." However, the trial court could have reasonably concluded that the plaintiff's response was not prompt. Accordingly, we cannot say that this record lacks an objective basis sufficient to sustain the court's discretionary judgment. See Buzzard, 161 N.H. at 29.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2