IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GREGORY S. BURDOO,

    Appellant,

v.

KRISTEN T. PLYMPTON,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2036

Opinion filed May 9, 2017.

An appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

Gregory S. Burdoo, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee; Kristen T. Plymton, pro se, for
Appellee.

PER CURIAM.

    Appellant, Gregory S. Burdoo, who is incarcerated, appeals the denial of his

motion to dissolve injunction against him. Burdoo argues the lower court erred by

not allowing him to appear telephonically or in person at the hearing. We agree and

reverse.

The record indicates Burdoo properly brought to the lower court's attention his desire to attend the hearing telephonically. Specifically, Appellant's motion stated, "The Petitioner requests a telephonic hearing to attend the hearing, as the costs for transportation can easily be avoided. However, Petitioner requires an order for this Court to secure access to a telephone line through prison officials." Despite Appellant's request, the lower court issued an order scheduling a hearing to occur at the courthouse. No subsequent order for telephonic hearing was entered, nor was an order to transport Appellant to the hearing issued. Accordingly, Appellant was not present at the hearing, in person or telephonically. Following the hearing, the lower court denied Appellant's motion.

A prisoner involved in civil litigation has the right to be heard; however, "the prisoner must bring to the court's attention his desire to appear personally or telephonically at hearing or trial." Johnson v. Johnson, 992 So. 2d 399, 401 (Fla. 1st DCA 2008) (quoting Rogers v. Rogers, 977 So. 2d 687, 687 (Fla. 4th DCA 2008)). If a prisoner requests a telephonic hearing or asserts his desire to be heard on the matter, "the right is clear." Johnson, 992 So. 2d at 401. A court reversibly errs when a prisoner requests to appear telephonically, and the court fails to issue an order directed to the Department of Corrections requiring the prisoner to appear telephonically. See Havenner v. Hutchinson, 162 So. 3d 1113 (Fla. 1st DCA 2015).

2

Because Burdoo properly notified the lower court that he wished to appear telephonically and he was denied the opportunity to appear, we reverse the order denying Burdoo's motion to dissolve the injunction and remand for further proceedings.

REVERSED AND REMANDED.

ROWE, RAY, and M.K. THOMAS, JJ., CONCUR.