PER CURIAM.
In this appeal from a final judgment of dissolution of marriage, the husband claims that (1) the trial court erred in summarily denying his motion for rehearing alleging that he was prevented by prison officials from- appearing telephonically at the final hearing; and (2) the trial court abused its discretion by denying his motions to stay the dissolution proceeding until his anticipated release from prison. We affirm as to the second claim without discussion. However, we reverse and remand for further proceedings as to the first claim.
The trial court gave the husband the opportunity to appear telephonically at the final hearing, but the husband failed to *1240 appear. After the trial court entered its final judgment, the husband notified the court by letter—which was treated as a timely motion for rehearing—that he attempted to appear telephonically from prison, but that he was prevented from appearing by a prison official. Specifically, the husband alleged that his classification officer failed to answer the telephone when the trial court returned an earlier call from the officer and, consequently, the husband was unable to present his case at the final hearing.
“An incarcerated party has a right to be heard in civil matters if the party has brought to the court’s attention his or her desire to appear personally or telephoni-cally.” Miranda v. Munoz-Ortiz, 75 So.3d 843, 844 (Fla. 2d DCA 2011) (citing Johnson v. Johnson, 992 So.2d 399, 401 (Fla. 1st DCA 2008)). Therefore, the husband had “the due process right to be heard” at the final hearing. Munoz-Ortiz, 75 So.3d at 844. Because the husband argued that he attempted to appear but was prevented from attending by the actions of his classification officer, the trial court erred in summarily denying the husband’s motion as he should have been given an opportunity to prove that the officer prevented him from telephonically appearing. Accordingly, we reverse and remand for the trial court to reconsider the motion for rehearing and give the husband the chance “to prove ... that he attempted to appear telephonically at the final hearing but that he was denied the opportunity to do so.” Id.
AFFIRMED in part; REVERSED in part; and REMANDED.
WINOKUR, JAY, and M.K. THOMAS, JJ., CONCUR.