PER CURIAM. Appellant, an inmate at a correctional facility, filed a motion to dissolve an injunction for protection against domestic violence. Simultaneously with that filing, he filed a motion seeking a telephone hearing on his motion to dissolve. Instead of granting the telephone hearing, the trial court entered an order scheduling a hearing at which “both parties shall be present.” Due to his incarceration, Appellant did not appear at the hearing, and. the trial court denied the requested relief. Had Appellant. timely appealed that ruling, we likely would have concluded that the failure to grant Appellant’s request for a telephone hearing was error. See Hubsch v. Howell Creek Reserve Cmty., 155 So.3d 474 (Fla. 5th DCA 2015) (holding that trial court denied incarcerated homeowner due process by failing to allow him to appear telephonieally at summary judgment hearing). When Appellant sought to file an untimely appeal, claiming that he was not served with the challenged order until forty-eight days after it was entered, we advised him that his only course of action was to file a motion in the trial court pursuant to Florida Rule of Civil Procedure 1.540(b).[1] See Snelson v. Snelson, 440 So.2d 477, 477 (Fla. 5th DCA 1983) (holding that where no notice of entry of order was given to parties, relief is through rule 1.540(b) motion filed in trial court coupled with request for entry of new order). This appeal involves the summary denial of Appellant’s rule 1.540(b) motion, in which he alleged under oath that he did not receive the challenged order until forty-eight days after its entry.. Appellant sought to set aside the prior order and obtain a new order that he could timely appeal. The trial court denied the motion, without setting it for hearing. In its order, the trial court did not address the merits of Appellant’s contention that he did not receive the prior order in time to file an appeal. Instead, it addressed the merits of its original order. Because the rule 1.540(b) motion was facially sufficient, the trial court should have conducted an evi-dentiary hearing to determine whether Appellant was entitled to relief, the disposi-tive issue being whether Appellant failed to receive the challenged order in a timely manner through no fault of his own. See Cottrell v. Taylor, Bean & Whitaker Mortg. Corp., 198 So.3d 688, 691 (Fla. 2d DCA 2016) (holding that where rule 1.540(b) motion sets forth colorable claim for relief, trial court should conduct evi-dentiary hearing to determine whether relief should be granted (citing Chancey v. Chancey, 880 So.2d 1281, 1282 (Fla. 2d DCA 2004))). On remand, the trial court shall conduct a hearing on Appellant’s rule 1.540(b) motion, permitting Appellant’s attendance by telephone if he is still incarcerated. REVERSED AND REMANDED. ORFINGER, TORPY and WALLIS, JJ., concur. . Because the Family Law Rules of Procedure, adopted in 1995, apply to actions involving domestic violence injunctions, our prior order should have directed Appellant to rule 12.540, which is almost identical to rule 1.540(b).