# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0281, <u>Cathie A. Partridge-White v. Jonathan Ramsdell</u>, the court on November 14, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Cathie A. Partridge-White, appeals a verdict, following a jury trial in Superior Court (<u>Colburn</u>, J.) in which the defendant, Jonathan Ramsdell, "conceded that he [was] legally at fault to some degree," finding that the defendant was 70% at fault, that the plaintiff was 30% at fault, and that the plaintiff suffered damages of $25,000. On appeal, the plaintiff argues that the trial court erred by denying her motion for partial summary judgment.

At the outset, we note that the plaintiff raises no claims of error concerning the jury's verdict or the trial, and has not provided a trial transcript. Rather, her sole claims of error concern whether the summary judgment record compelled rulings prior to trial that the defendant, as he conceded at trial, was at fault, and that, contrary to the jury's verdict, she was not at fault. As we recently observed, however, "there is substantial authority [in other jurisdictions] for the proposition that [when the trial court denies a motion for summary judgment and the case proceeds to trial and a decision on the merits,] the trial record supersedes the summary judgment record, thereby rendering any error in denial of summary judgment unreviewable on appeal." <u>O'Malley v. Little</u>, 170 N.H. ___, ___ (decided Aug. 31, 2017). As in <u>O'Malley</u>, we decline to address in this case whether an erroneous denial of summary judgment is reviewable following a trial because, even if it is reviewable, the plaintiff has not established that the trial court erred by denying her motion.

The complaint in this case alleged a single count of negligence against the defendant for causing an automobile collision by entering an intersection against a red light. Shortly after the plaintiff filed suit, the trial court issued a case structuring order, <u>see</u> <u>Super. Ct. R.</u> 5, establishing a deadline for filing "dispositive motions" of "no later than 120 days prior to trial." The plaintiff filed her motion, which she entitled a motion "for partial summary judgment," on January 20, 2017. In it, she contended that there was "no genuine issue of material fact about all but two of the central facts: the extent of the plaintiff's injuries, and fair compensation for those injuries." She followed this statement with twenty separately-numbered paragraphs containing numerous factual

assertions and a single statement that the defendant was liable, and then requested that the court "grant . . . partial summary judgment as to each of the assertions set forth in paragraphs 1 through 20 above." Counsel for the plaintiff concluded the motion by certifying that "[d]ue to the dispositive nature of this motion, assent has not been requested." See Super. Ct. R. 11(c).

The defendant objected, arguing that: (1) the motion was untimely under the case structuring order because jury selection was scheduled for April 17, 2017 and, thus, the plaintiff filed it less than 120 days before trial; (2) the motion was improper because it did not request summary judgment as to any specific issue on which a jury would be instructed to render a verdict, such as liability or damages, but merely recited a list of facts that a jury "may consider when determining liability and damages"; and (3) there were material issues of fact in dispute relative to whether "a jury could find comparative fault on the part of the Plaintiff." The defendant did not submit an affidavit or any other evidence in support of his objection. The trial court denied the motion "for the reasons in the Defendant's objection."

The plaintiff moved for reconsideration, arguing that: (1) her motion for summary judgment established that there were "no genuine issues of fact about most of the issues [the defendant] contest[s] in this case"; (2) the defendant did not identify or submit any evidence in support of his objection; and (3) she was thus entitled to judgment establishing that the defendant was negligent, that the defendant caused her injuries, and that she was not comparatively at fault. Nowhere in the motion for reconsideration, however, did the plaintiff address the timeliness of her motion for partial summary judgment. The trial court denied the motion without providing reasons, and on April 21, 2017, following a trial that the defendant represents occurred during the week of April 17, 2017, the jury rendered its verdict. This appeal followed.

On appeal, the plaintiff argues that the summary judgment record entitled her to judgment as a matter of law as to the defendant's fault and his claim of comparative fault. She further argues that her motion for partial summary judgment was timely because it was not, in fact, a "dispositive motion." According to the plaintiff, the term "dispositive motion" is not defined either by the structuring order or the superior court rules. Because a jury still would have been required to determine her damages had the trial court granted her motion, the plaintiff contends that it was not, in fact, a "dispositive motion" for purposes of the structuring order. Thus, she argues that it was not subject to the structuring order's dispositive motion deadline. We disagree.

It is the plaintiff's burden to provide a record on appeal establishing that she preserved the arguments she is raising. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). The trial court must have had the opportunity to consider any issues asserted by the plaintiff on appeal; thus, the plaintiff was required to raise in a motion for reconsideration any issues that she could not

2

have presented to the trial court prior to its decision.  See Super. Ct. Civ. R. 12(e); N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002).

In this case, because the trial court denied the motion for partial summary judgment for the reasons articulated in the defendant's objection, and because the defendant objected in part on the basis that the motion was untimely under the structuring order's dispositive motion deadline, the trial court necessarily denied the motion in part on timeliness grounds.  The plaintiff did not argue in her motion for reconsideration, however, or in any other portion of the record that she has provided on appeal, see Bean, 151 N.H. at 250, that a motion for partial summary judgment is not "dispositive" and, thus, that the motion was not untimely.  Accordingly, her argument that the trial court erred by denying the motion on timeliness grounds is not preserved.

Even if the argument were preserved, however, we conclude that the trial court did not err by denying the motion on timeliness grounds.  The trial court has broad discretion to manage the proceedings before it.  See Buzzard v. F.F. Enters., 161 N.H. 28, 29 (2010).  Its discretion necessarily encompasses the enforcement of pretrial scheduling orders.  See State v. Knight, 161 N.H. 338, 341 (2011); Estate of Sicotte v. Lubin & Meyer, 157 N.H. 670, 673 (2008).  Although the plaintiff is correct that nothing in the case structuring order or superior court rules specifically defined "dispositive motion," Superior Court Rule 11(c) did require that she seek the defendant's assent to her motion unless it constituted a "dispositive motion," a motion for contempt or sanctions, or a comparable motion.  Apparently recognizing this obligation, the plaintiff's counsel expressly certified to the court that "[d]ue to the dispositive nature of this motion, assent has not been requested."  The plaintiff herself having characterized the motion as "dispositive," we cannot say that the decision to enforce the dispositive motion deadline was clearly untenable or unreasonable to the prejudice of her case.  Buzzard, 161 N.H. at 29.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**