# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0442, <u>Jonathan A. Perfetto v. Cecilia Englander, M.D.</u>, the court on June 20, 2019, issued the following order:**

The plaintiff's second motion to extend the time in which to file a reply brief is denied. The plaintiff's motion to use an alias in this case is granted in part and denied in part. To the extent that the plaintiff wishes to identify himself in this action by using "'Rabinowitz' in brackets to show . . . that 'Rabinowitz' is not his legal name," the motion is granted. To the extent that the plaintiff moves to change the title of this case or to add "Rabinowitz" to his name in other contexts, the motion is denied.

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Jonathan A. Perfetto (aka Jonathan Andrew [Rabinowitz] Perfetto), appeals an order of the Superior Court (<u>McNamara</u>, J.) dismissing his complaint against the defendant, Cecilia (aka Celia) Englander, M.D., as barred by the statute of limitations, <u>see</u> RSA 508:4 (2010). We construe the plaintiff's brief to contend that the trial court erred by: (1) ruling that he failed to file his complaint within the statute of limitations; (2) not equitably tolling the statute of limitations; (3) not applying the discovery rule; (4) not granting his motion for additional time in which to respond to the motion to dismiss; (5) ruling that his complaint failed to state a claim upon which relief could be granted; (6) not concluding that the superior court's complaint form violates Rule 8 of the Federal Rules of Civil Procedure; (7) not giving him leeway in meeting filing deadlines because he resided outside New Hampshire; (8) not accounting for financial hardships faced by indigent inmates; and (9) not granting his motion to amend his complaint.

The statute of limitations is an affirmative defense, and the defendant bears the burden of establishing that it applies. <u>Anderson v. Estate of Wood</u>, 171 N.H. 524, 527 (2018). A trial court's conclusion that the statute of limitations has run is a ruling of law, which we review <u>de novo</u>. <u>Id</u>.

The plaintiff alleges that the defendant treated him on July 20, 2012, that he was hospitalized on August 11, 2012, and that he was diagnosed with MRSA "2-3 days later." To the extent that he argues that he was unaware of his injury until he obtained his medical records or that the statute of limitations should be

equitably tolled, the record does not reflect that he made these arguments in the trial court. As the appellant, the plaintiff has the burden to provide this court with a record sufficient to demonstrate that he raised the issues on appeal before the trial court. Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 69 (2012). The trial court must have had the opportunity to consider any issues asserted by the plaintiff on appeal; to satisfy this preservation requirement, any issues that could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. Super. Ct. Civ. R. 12(e); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). These rules are not relaxed for self-represented parties. See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56-57 (2006).

The plaintiff represents, and the defendant does not contest, that on June 24, 2015, the plaintiff filed an action in federal court alleging that the defendant violated his 8th Amendment rights under the Federal Constitution. That action was dismissed on January 8, 2016, without prejudice to the plaintiff filing a state law claim in state court. On June 13, 2016, the plaintiff filed a medical malpractice claim, not a constitutional claim, in superior court, which was dismissed on November 21, 2016 without prejudice, for lack of prosecution. On April 3, 2018, the superior court granted the plaintiff's motion to reopen that action. On May 23, 2018, the trial court granted the defendant's motion to dismiss "for the reasons stated in the Motion." Although the plaintiff has not provided a copy of the motion to dismiss, the trial court's order on his motion for reconsideration stated that "the claim is barred by the statute of limitations, RSA 508:4." Cf. Moulton-Garland v. Cabletron Systems, 143 N.H. 540, 543-44 (1999) (stating that, to benefit from RSA 508:10 (2010), second suit must assert same claim as first action).

Even assuming that the statute of limitations was tolled for 197 days, as the plaintiff contends, while his federal action was pending, see 28 U.S.C. §1367(d) (2012), we conclude that he filed his action in the superior court after the statute of limitations had expired. To the extent that the plaintiff contends that the statute of limitations had not expired, he assumes that the statute did not begin to run until he obtained his medical records and apparently has calculated the number of days by excluding "holidays." He does not cite, nor are we aware of, any authority for applying the statute of limitations in this way.

To the extent that the plaintiff contends that the trial court erred by not granting his motion for additional time to respond to the motion to dismiss, we note that the trial court has broad discretion in managing the proceedings before it. Buzzard v. F.F. Enterprises, 161 N.H. 28, 29 (2010). We review a trial court's rulings in this area under an unsustainable exercise of discretion standard. Id. To establish that the court erred under this standard, the plaintiff must demonstrate that its ruling was clearly untenable or unreasonable to the prejudice of his case. Id.

Although, in his brief, the plaintiff represents that he would have argued in his objection to the motion to dismiss that the statute of limitations should be equitably tolled, his motion for additional time did not say this. Rather, he simply requested 90 days to respond to the motion to dismiss on the ground that he lacked access to New Hampshire law due to his incarceration. Under the circumstances of this case, we cannot say that the trial court's decision was clearly untenable or unreasonable to the prejudice of the plaintiff's case. See id.

In light of our conclusion that the plaintiff's suit was barred by the statute of limitations, we need not address his other arguments because resolution of those issues would have no effect upon the outcome of this case. See Vogel v. Vogel, 137 N.H. 321, 322 (1993). Any remaining issues raised by the plaintiff in his brief either are not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel, 137 N.H. at 322.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3