# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2025-1644

———————————————

MICHAEL A. TORREY,

    Appellant,

    v.

WILFREDO RIVERA, KATTIE L.
THREATTE, All Residents, and
CHARLIE BANK,

    Appellees.

———————————————

On appeal from the County Court for Escambia County.
Barry E. Dickson, Jr., Judge.

June 3, 2026

PER CURIAM.

Appellant Michael A. Torrey, who is incarcerated, appeals from the dismissal of the civil action he filed against Appellees Kattie L. Threatte and Charlie Bank to have them removed from what he claimed was his real property and for the payment of rent due. Appellant argues, and we agree, that the trial court reversibly erred in denying his motion to either direct that he be transported to the courthouse for the scheduled hearing on the matter or be able to appear electronically. *See Burdoo v. Plympton*, 219 So. 3d 170, 171 (Fla. 1st DCA 2017) ("A prisoner involved in civil litigation has the right to be heard; however, 'the prisoner

must bring to the court's attention his desire to appear personally or telephonically at hearing or trial.' . . . If a prisoner requests a telephonic hearing or asserts his desire to be heard on the matter, 'the right is clear.'") (quoting *Johnson v. Johnson*, 992 So. 2d 399, 401 (Fla. 1st DCA 2008)); *see also Weston v. Weston*, 307 So. 3d 975, 976 (Fla. 1st DCA 2020) (same); *Havenner v. Hutchinson*, 162 So. 3d 1113 (Fla. 1st DCA 2015) (same); Fla. R. Gen. Prac. & Jud. Admin. 2.530(b) ("[A] court official may authorize the use of communication technology for the presentation of testimony or for other participation in a proceeding upon the written motion of a party . . . .").

Accordingly, the dismissal order is REVERSED and the case is REMANDED for further proceedings.

LEWIS, ROWE, and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael A. Torrey, pro se, Appellant.

No appearance for Appellees.